# Alabama Great Southern Railroad Co. v. Johnston.

128  283
130  265

128  283
136  462
137  504

*Action against Railroad Company to recover Damages Caused by Fire from Sparks from Locomotive.*

1. *Action against railroad company for damage by fire; sufficiency of complaint.*—In an action against a railroad company to recover damages for the destruction of the plaintiff's houses, fences, orchard, etc., by fire, a complaint which after alleging that the defendant owned and operated a railroad, and that the plaintiff owned certain houses, fences, orchard, etc., upon a certain lot near said railroad, then avers "that the defendant negligently caused or allowed said houses, fences, fencing, trees, orchard, shrubbery and plants to be greatly damaged or destroyed by means of a fire communicated from or by means of said locomotive," sufficiently states a cause of action, and is not subject to demurrer upon the ground of uncertainty and indefiniteness in its allegations of negligence.

2. *Same; admissibility of evidence showing that engines habitually threw sparks.*—In an action against a railroad company to recover damages resulting from fire alleged to have been caused by the negligent escape of sparks from a locomotive running on defendant's road, where the particular engine which caused the fire can not be clearly and satisfactorily identified, it is competent for the plaintiff to prove that the

[Alabama Great Southern Railroad Co. v. Johnston.]

defendant's locomotives habitually, at or about the time of the occurrence, threw sparks of dangerous size when passing along the portion of the road where the fire originated; such evidence tending to sustain or strengthen the inference ·that the fire originated from the cause alleged.

3. *Same; parol evidence of possession under claim of ownership sufficient as evidence of title.*—In an action against a railroad company to recover damages resulting from a fire, alleged to have been caused by the negligent escape of sparks from a locomotive on the defendant's road, in order to prove title to the lands on which the house that was burned was located, it is not incumbent upon the plaintiff to introduce written evidence thereof, but parol proof of the possession of such property by the plaintiff under a claim of ownership is admissible as evidence of title, and is sufficient to raise a presumpsion of ownership, in the absence of evidence of ownership in another.

4. *Same; admissibility of costs of building new house.*—In an action against a railroad company to recover damages for the destruction of houses by fire, alleged to have been caused by the negligent escape of sparks from locomotives running on the defendant's road, though the cost of building new houses of the kind burned is not the criterion by which to measure the damages caused by their destruction,· evidence of such cost is relevant as tending to show what was the value of the houses at the time of the fire.

5. *Same; admissibility in evidence of diagram of plans.*—In such a case, the diagrams of the plan by which the houses were constructed, in connection with proof that such diagrams were correct, are admissible in evidence.

6. *Cross-examination of witness; competent to show his bias.*—A witness may be questioned on cross-examination about matters which tend to show bias .or partiality towards the party by whom he is introduced; and in an action against a railroad company to recover damages, it is permissible for the plaintiff on cross-examination of witnesses introduced by the defendant, to show that they were furnished free transportation for their attendance on the trial, or that they were given the general privilege of riding on the defendant's road; such evidence having a tendency towards establishing ·a bias on the part of such witnesses.

7. *Action against railroad company for damage by fire; burden of proof; right of recovery.*—In an action against a railroad company to recover damages resulting from fire, alleged to have been caused by the negligent escape of sparks from a

[Alabama Great Southern Railroad Co. v. Johnston.]

locomotive running on defendant's road, proof by the plaintiff that the fire was caused by sparks emitted from a locomotive running on defendant's road, raises a presumption of negligence against the defendant, and places upon it the burden of showing that the engines operated by it were properly constructed, were equipped with approved devices and appliances to prevent the escape of sparks, were in good repair, and prudently managed and controlled; and in the absence of such proof, or of any evidence tending to show the exercise of care on the part of the defendant the plaintiff is entitled to recover, and the court correctly instructs the jury that the defendant is guilty of negligence.

8. *Same; right of recovery.*—In an action against a railroad company to recover damages for the destruction of houses by fire, alleged to have been caused by the negligent escape of sparks from a locomotive running on defendant's road, where the evidence for plaintiff tends to show that the fire originated in the houses from sparks emitted from engines of the defendant that had recently passed by said houses, and there was other evidence tending to show that the houses were ignited by sparks blown by a high wind from a saw dust pile located across the road from the plaintiff's houses, but it was further shown that said saw dust pile was set on fire by sparks from the defendant's engine, a charge is free from error which instructs the jury that the defendant was responsible for the plaintiff's loss caused by the fire, whether or not the fire was caused by the sparks emitted from the engine which alighted directly upon the houses which were burned, or whether the fire was caused by sparks emitted from the pile of saw dust, which was thrown by the wind upon the houses of the plaintiff; such wind not being in a legal sense an efficient intervening cause which directly contributed to the injury complained of.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action brought by the appellee, Mrs. Mary M. Johnston, against the Alabama Great Southern Railroad Company.

The complaint contained but one count, which was in words and figures as follows: "The plaintiff claims of the defendant seven thousand five hundred dollars as damages for that heretofore, to-wit, on the 12th day of July, 1898, defendant was running and

operating a railroad through Tuscaloosa county, Alabama, and was running and operating a locomotive thereon; that plaintiff owned certain houses, fences, fencing, trees, orchards, shrubbery and plants upon a certain lot or parcel of land near to said railroad, which lot of land is described as follows, viz., [here follows description of land]; that defendant negligently caused or allowed said houses, fences, fencing, trees, orchard, shrubbery and plants to be greatly damaged or destroyed by means of a fire communicated from or by means of said locomotive, all to plaintiff's damage $7,500. Wherefore she sues."

To this count of the complaint the defendant demurred upon the following grounds: 1st. For that said complaint states no cause of action against this defendant. 2d. For that said complaint is indefinite and uncertain in this, that it does not inform the defendant in what respect the defendant was negligent whereby the property named in the complaint was damaged or destroyed. 3d. For that no negligence of the defendant is set out in the said complaint, but the negligence complained of is stated merely as a conclusion of the pleader." This demurrer was overruled, and the defendant then pleaded the general issue and by two special pleas set up the contributory negligence of the plaintiff, in that there was located on the plaintiff's land near the railroad track, a large pile of saw dust, which had been deposited on said land by persons who had theretofore operated a saw mill; that said pile of saw dust was allowed to remain there by the plaintiff and it had caught fire from different causes at various times, and that notwithstanding this fact, the plaintiff allowed the pile of saw dust to remain there and that at the time of the fire which destroyed plaintiff's houses the saw dust pile was ignited and the fire was communicated to the plaintiff's property from said saw dust pile. The material facts of the case relating to the property of the plaintiff being burned, and the way in which the fire was started, are sufficiently stated in the opinion.

On the examination of the plaintiff as a witness, she was asked whether or not she was the owner of the real estate which is described in the complaint, and upon which the houses that were burned were located. Thereupon the defendant's counsel asked the witness whether she had a deed to the real estate, and upon her answering that she did have a deed to the property, counsel objected to the question upon the ground that the deed was the best evidence and parol testimony could not be introduced to prove title to land when a deed was in existence. The court sustained this objection, thereupon the plaintiff's counsel asked the witness: "How long have you been in possession of the property claiming to own it?" The defendant objected to this question upon the same ground that was interposed to the other question, and upon the plaintiff's counsel stating that he wished to prove title by adverse possession for more than ten years, the court held that the question called for competent testimony and overruled the defendant's objection. This witness testified that she had been in possession of the property 14 years, claiming it as her own, and that such possession was open and notorious, and that she had paid taxes upon it the whole time. The defendant moved to exclude this testimony upon the same ground of the objection interposed to the question which evoked the answer. The court overruled the motion, and the defendant duly excepted.

The plaintiff introduced evidence showing that her houses, shrubbery and fruit trees were destroyed by the fire.

Upon the examination of one Mrs. Emma C. Jones, as a witness for the defendant, and after she had testified to two trains having passed by the plaintiff's houses from one hour to one hour and a half before the fire occurred, she was asked to "tell the jury whether or not other trains on the Alabama Great Southern Railroad, going the way that one was going on that day at that time, habitually threw sparks?" The defendant objected to this question upon the ground that it called for illegal, immaterial and ir-

relevant evidence. The court overruled the objection, and the defendant duly excepted. Upon the witness answering "that the Alabama Great Southern engines going up that grade habitually threw out a large amount of sparks about that time," the defendant moved to exclude this testimony upon the ground that it was irrelevant, illegal and incompetent. The court overruled the motion, and the defendant duly excepted.

Upon the cross-examination of some of the witnesses for the defendant the plaintiff asked them the following questions: "Who paid your fare?" And upon the witnesses answering that the railroad sent a ticket, the plaintiff then asked the witness whether the railroad company sent them a pass. To each of these questions the defendant objected upon the ground that it called for irrelevant and incompetent evidence, and moved to exclude the answers of each of the witnesses. The court overruled the objections and motions, and to each of these rulings the defendant separately excepted.

During the examination of some of the witnesses, the plaintiff sought to prove what it would cost to build new houses similar to the ones that were destroyed by fire. To each of such questions and the evidence introduced showing what it would cost to construct new houses, the defendant objected, because it was not a criterion by which the jury was to arrive at their verdict. The court overruled each of the objections, and the defendant separately excepted.

In the court's oral charge to the jury he instructed them, among other things, as follows: "Whenever it is shown in any particular case that a house is destroyed by fire from a locomotive, the presumption at once arises, on the absence of evidence to the contrary, that the engineer or some agent of the company having control of the engine, was guilty of negligence in letting those sparks be thrown out. If the company was so guilty of negligence, it is responsible for such damages as resulted through its negligence,—it is responsible for the loss caused by the

fire. That is true, gentlemen of the jury, whether or not the fire was caused by the sparks alighting upon the houses which were burned, or whether the fire was caused by sparks alighting from the pile of saw dust which in burning was thrown by a wind against the houses that were consumed. That is to say, if the railroad company was guilty of negligence, it is immaterial whether the sparks were thrown directly upon the top of the houses which were burned, or thrown upon a pile of saw dust, causing the saw dust to be set on fire, and then the burning saw dust was blown upon the houses. You see, in either event, the result would be the same, the houses would be burned up by the sparks falling on them, and in the other by the sparks falling on the saw dust pile, and then communicated to the house, and the blowing of the wind, unless it was a wind of a nature and character so unusual as that it might not be anticipated by anybody that any such wind would occur, the blowing of a wind would not be such an intervening cause as would relieve the company of responsibility. The reason of that is that winds are accustomed to blow with greater or less severity everywhere. If a wind is high, sparks or burning brands may be carried from one place to another, and if the wind is low, they may not be, but the carrying of a burning brand by a wind from one place to another is not such an intervening cause as would relieve any person or company of liability for negligence in causing a fire to originate in the place where it first originated, and from which the burning brand was blown."

The defendant duly and separately excepted to the portion of the charge commencing with the words "That is true, gentlemen of the jury," and ending with the last sentence in the part above quoted.

The court, at the request of the plaintiff, gave to the jury the following written charge: "If the jury believe the evidence, the defendant railroad company was guilty of negligence." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give the following written

charges requested by it: (1.) "The court charges the
jury that if they believe all the evidence in this case,
they must find a verdict in favor of the defendant."
(2.) "If the jury believe from the evidence in this
case that the fire was set to the houses of the plain-
tiff by reason of the wind being high and blowing
the fire across the railroad to the houses, and that
the fire would not have gotten to said houses but for
an extraordinary high wind, then they must find a
verdict for the defendant." (4.) "The court charges
the jury that there is no evidence in this case which
will justify them in basing a verdict against the de-
fendant on an engine of the defendant setting fire
to the houses on the day that they were burned." (5.)
"The court charges the jury that there is no evidence
in this case that shows that any engine of the de-
fendant which passed the houses just prior to the
fire, on the same day, set fire to said houses." (6.)
"If the jury should believe from the evidence that
an engine of defendant at some time prior to the
burning of the houses, set fire to the saw dust
pile, and that the cause of the houses burning was
a high wind blowing from the direction of the fire
towards the houses, and that the fire would not have
caught the houses except for an unusually high wind
blowing it from the saw dust pile to the houses, then
the court charges the jury that in such a case the high
wind would be an efficient intervening cause, and they
must find a verdict for the defendant." (7.) "The
court charges the jury that if they believe from the
evidence that the saw dust pile was frequently on fire
during the two years preceding the burning of the
houses, and that such was known to the agent of plain-
tiff who had charge of the houses for her, and
that such saw dust pile was dangerous to said houses
by reason thereof, or was in dangerous proximity
thereto, then it was the duty of the plaintiff to re-
move so much of said saw dust pile as was danger-
ously near said house, and if the jury believe from
the evidence that her failure to remove said saw dust
pile contributed proximately to her loss by fire, then

they must find a verdict for the defendant." (8.) "The court charges the jury that the fact, if they believe from the evidence that it be a fact, that the house or houses were discovered to be on fire soon after the passage of one or two of the defendant's engines, in this case, under all the evidence, raised no presumption that the fire originated from sparks escaping from the engine or engines so passing." (9.) "Before the plaintiff can recover in this case the jury must be reasonably satisfied from the evidence that the fire which caused the destruction of the houses was started by one of the engines that passed there recently before the fire, and not from sparks blown by the wind from the saw dust pile." (10.) "The court charges the jury that the fact, if it be a fact, that witnesses for the defendant came to Birmingham over the line of the defendant railroad on passes furnished by the defendant should not be considered by the jury as discrediting the evidence of such witnesses."

There were verdict and judgment for the plaintiff, assessing her damages at $1,950. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SMITH & WEATHERLY, for appellant.—The court should have sustained the demurrer to the complaint. The defendant is entitled to know definitely what negligence he is charged with.—*Insurance Co. v. Moog*, 78 Ala. 285; *H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 413; *R. & D. R. R. Co. v. Weems*, 97 Ala. 270; *R. R. Co. v. Baylor*, 101 Ala. 488.

The complaint as drawn gave no intimation that the defendant would be called upon to defend a suit based upon the saw dust pile being set afire, and fire being communicated · from that to the houses 60 or 75 yards distant, and across the railroad track. Without this notice, the defendant could reasonably presume that the negligence intended to be prosecuted was the setting afire directly of the houses by sparks thrown from the engine.—*Choate v. Southern*, 119 Ala. 611; 24 So. Rep. 373.

[Alabama Great Southern Railroad Co. v. Johnston.]

The court erred in its ruling on the evidence as to the ownership of this land and houses. The deed was the best evidence, and should have been introduced or a certified copy from the transcript. The rule which requires the production of the best evidence which the nature of the question admits of is one of the oldest and most salutary principles found in the law books.—*Morton v. State,* 30 Ala. 527; *Mordecai v. Beal,* 8 Porter, 529. Parol evidence can not be received to prove the existence of title to land by patent or deed until the proper predicate is laid for its introduction.—*Hussey v. Roquemore,* 27 Ala. 281; *Echols v. Hubbard,* 90 Ala. 309. This same principle is held in a late case decided by this court.—*Withers v. State,* 120 Ala. 394; 25 S. R. 568.

The court erred in allowing evidence to the effect that the freight trains of the A. G. S. R. R. Company habitually threw sparks when passing this point. The evidence should have been confined to the question as to whether or not these particular engines on that particular occasion were throwing the sparks, or whether or not these particular engines or either one of them habitually threw the sparks.—*Brooks v. Rogers,* 99 Ala. 433.

The court erred in allowing the evidence to go to the jury that the railroad company had furnished passes to some of its witnesses to come to Birmingham, and also in refusing charge No. 10, requested by the appellant. It was held in the case of *Chi. R. & P. R. R. Co. v. Givins,* 18 Ill. App. 404, that the mere relation of employee to one of the parties to a suit, be it a company or individuals, is not of itself, apart from any other consideration, any impeachment of a witness.

It has also been held that a court has no right to instruct a jury, or suggest to them, that servants or agents of a party, who are called as witnesses, have any such interest as affects their testimony.—*Marq. H. & O. R. R. Co. v. Kirkwood,* 9 Am. & Eng. R. R. Cases, 85.

BOWMAN & HARSH, *contra.*—The complaint sufficiently stated a cause of action.—*A. G. S. R. R. Co. v.*

*Davis*, 119 Ala. 572; *Laughran v. Brewer*, 113 Ala. 509; *L. & N. R. R. Co. v. Hawkins*, 92 Ala. 244.

The fact that fire originated from sparks emitted from running a locomotive on the road of defendant raises the presumption of negligence: First, in the construction of the engine; second, in the appliances used to prevent accidents from the escaping sparks; and, third, the management of the engine and appliances.—*L. & N. R. R. Co. v. Reese*, 85 Ala. 497; *Railroad Company v. Malone*, 109 Ala. 509; *Railroad Company v. Miller*, 109 Ala. 500; 13 Am. & Eng. Ency. of Law (2d ed.) 498.

There was no efficient intervening cause which directly contributed to the injury complained of. The portion of the court's oral charge excepted to by the defendant asserted a correct proposition of law.—4 Waite's Act. & Def., 703; *Western R. of Ala. v. Mutch*, 97 Ala. 194.

SHARPE, J.—This action is to recover on account of alleged neligence of defendant in causing or allowing fire to be communicated by means of a locomotive to certain premises claimed by the plaintiff. The locomotive referred to is not identified by anything in the pleadings or by any evidence introduced on the trial except by such inferences as might be drawn from circumstances not amounting to direct proof. The evidence on that subject was uncontradicted and tended to show the following facts: The fire on these premises began on the porch of a building about forty feet from the railroad; engines had gone over the road on that day, the last one having passed about an hour and a half before the fire was discovered; a pile of sawdust at an old mill site belonging to a third person and lying near the railroad on the side opposite to plaintiff's premises was then burning and had been burning for several days and a strong wind was blowing sparks from it toward the building; the saw dust had several times previously been fired by sparks or cinders escaped from defendant's engines, and in that way was freshly fired about three days before this injury; the road grade was unlevel, and when going

[Alabama Great Southern Railroad Co. v. Johnston.]

up grade there the engines ordinarily threw out a great many sparks which, as one witness expressed it, were sometimes in wads half as large as his fist.

A witness for plaintiff after testifying that an engine had passed during the same day of and not long before the fire, and that she had not noticed whether sparks came from it or not, was allowed, against the defendant's objection, to state that "the A. G. S. engines going up that grade, habitually threw out a large amount of sparks about that time." Whether this statement would have been admissible if the complaint was so drawn as to confine the plaintiff to proof of negligence to the use or management of a particular engine, or if the proof showed with certainty that a particular engine caused the fire, we need not here decide. On that subject there appears a conflict in adjudications. See 13 Am. & Eng. Ency. Law, 515; Thompson on Neg., 159; Shearman and Redfield on Neg., § 675.

It was competent in this case especially in view of the latitude allowed by the averments of the complaint and the necessity of resorting to circumstantial evidence to trace the origin of the fire. In Shearman and Redfield on Neg., *supra,* the rule is thus stated: "When the particular engine which caused the fire cannot be fully identified, evidence that sparks and burning coals were frequently dropped by engines passing on the same road upon previous occasions is relevant and competent to show habitual negligence, and to make it probable that the plaintiff's injury proceeded from the same quarter. If the engine which emitted the fire is identified, then evidence on either side as to the condition of other engines, and of their causing fires, has been held irrelevant, but not so if it is not fully identified." As applicable to the present case we quote and approve the conclusions stated in a well considered case and drawn from authorities there collated: "It may, therefore, be considered as settled, in cases of this kind, where the offending engine is not clearly or satisfactorily identified, that it is competent for the plaintiff to prove

that the defendant's locomotives generally or many of them, at or about the time of the occurrence, threw sparks of unusual size, and kindled numerous fires upon that part of the road, to sustain or strengthen the inference that the fire originated from the cause alleged."—*Henderson v. Philadelphia, &c. R'y. Co.*, 114 Penn. State, 461; s. c. 27 Am. St. Rep. 652. An early case holding the same doctrine is *Sheldon v. Hudson River R. R. Co.*, 14 N. Y. 218; s. c. 67 Am. Dec. 155.

In actions of this character it is not incumbent on the plaintiff to produce written evidence of title to the injured lands. Possession under a claim of ownership is evidence of title, and such possession if shown to have been in the plaintiff raises a presumption of ownership which is sufficient in the absence of evidence of ownership in another.—See 13 Am. & Eng. Ency. Law, 432, and authorities there cited.

Though the cost of building new houses of the kind burned was not the criterion by which to measure the damages caused by their destruction, evidence of such cost was relevant as tending to throw light on their value, and to assist the jury in assessing such value the diagrams of the plan on which they were constructed were, in connection with the proof made of their correctness, properly admitted in evidence.

It is a general rule that on cross-examination any fact may be elicited which tends to show bias or partiality toward the party in whose behalf the witness has testified.—1 Greenl. Ev., (16th ed.) § 450; *Burger v. State*, 83 Ala. 36; *Drum v. Harrison, Ib.* 384; *L. & N. R. R. Co. v. Tegnor*, 126 Ala. 593. Under this rule it is permissible for a party by cross-examination of witnesses to show that they were by the party introducing them furnished free transportation for their attendance on the trial, or has given them the general privilege of riding on a railroad. Such facts may in the estimation of the jury have but slight weight or none at all in establishing a bias, but they cannot be held to have no tendency in that direction.

The circumstances in evidence including the blowing of high wind from across the railroad to these premises, were such as left it open for the jury to presume

and to find as a fact that the injury was attributable to either the engine which fired the sawdust, or that which had recently passed. In either case, the cause was not so remote as to relieve the defendant from liability. That winds might occur sufficient to carry fire from the saw-dust to those premises was an event the defendant ought reasonably to have expected and guarded against, to the extent at least of using due care to prevent an unnecessary escapement of sparks, and its failure to do so if proven shows negligence supporting the complaint. The wind was but a natural condition establishing the connection between the alleged negligence, if proven, and the injury, and was not in a legal sense an intervening cause breaking such causal connection.

No negligence is imputable to the plaintiff for not removing the sawdust for the reason, if for no other, that she is not shown to have any right to remove it.

What has been said above will serve to show that no error was committed by the trial court in its rulings on evidence or in the refusal of charges requested by the defendant or in the part of its oral charge excepted to.

With reference to the charge given at plaintiff's request, it is safe to assume that the evidence warranted no inference that the building caught fire from any source other than the engines last passing, or the sawdust fire. Defendant's counsel concedes or asserts in argument that "the proper inference, drawn from the evidence would be, that the houses were set on fire by the sparks blown from the sawdust pile to the houses by the extraordinary high wind of that day." This court has held to the rule first applied here in *L. & N. R. R. Co. v. Reese*, 85 Ala. 497, that "the destruction of property by fire escaping from a railroad engine raises an inference of negligence consisting in a defect in its construction or in the appliances used, or want of due care in its management." Such inference as is further shown in that case amounts to a *prima facie* presumption which continues unless rebutted by evidence tending to overthrow the presump-

tion.—*L. & N. R. R. Co. v. Marbury Lumber Co.*, 126
Ala. 237; *L. & N. R. R. Co. v. Malone*, 109 Ala. 507.
Since here no evidence was introduced tending to show
any exercise of care on the part of defendant, the charge
imputing negligence to the defendant as a conclusion
correctly stated the effect of the evidence in connection
with the attending presumption.

The judgment will be affirmed.