[Moore v. Nashville, Chattanooga & St. Louis Railway.]

# Moore *r.* Nashville, Chattanooga & St. Louis Railway.

|137 495|
|d143 631|

*Action by Passenger against a Railroad Company to recover Damages for Personal Injuries for being ejected from Train.*

1. *Judgment of court; sufficiency to support an appeal.*—A judgment entry which, after reciting the finding by the jury in favor of the defendant, then continues: "It is, therefore, considered by the court that the defendant go hence and recover of the plaintiff the costs in this behalf expended for which let execution issue," is a sufficient judgment by the court, and will support an appeal.

2. *Bill of exceptions; sufficiency of order allowing thirty days for signing the bill of exceptions.*—An order by the court which is made a part of the judgment entry that "It is further considered by the court that the plaintiff have thirty days in which to have prepared and signed a bill of exceptions," is sufficient to authorize the signing of the bill of exceptions within the thirty days after the rendition of the judgment, although the term of the court at which such judgment was rendered expires before the expiration of the thirty days from the rendition of said judgment.

3. *Action against railroad company for wrongful ejection of passenger; sufficiency of plea.*—In an action against a railroad company by a passenger to recover damages for personal injuries alleged to have been caused by his wrongful ejection from the train, pleas of the defendant which aver in justification of the ejection of the plaintiff that he was intoxicated and was guilty of boisterous conduct in using abusive and obscene language, and that it was necessary for the defendant's conductor in the exercise of his duty, to eject the plaintiff from the train. are insufficient when they do not further aver that the conductor in the exercise of such alleged duty, used only such force as was necessary to accomplish the plaintiff's removal from the train.

4. *Same; same.*—In such a case, a plea is insufficient and subject to demurrer which avers that the defendant was in no way

[Moore v. Nashville, Chattanooga & St. Louis Railway.]

responsible for the conduct of its conductor at the time of the alleged injury, because the conductor "was at that time acting as a police officer of the State of Alabama by virtue of the power conferred upon him under section 3457 of the Code of Alabama;" such plea not denying that in the exercise of the authority conferred the conductor used more force than was necessary.

5. *Action to recover damages for alleged wrongful ejection from train; admissibility of evidence.*—In an action against a railroad by a passenger to recover damages for his alleged wrongful ejection from a train, the fact that the plaintiff after boarding the train tried to borrow money from his son, or that he asked a friend to take care of him after he had received the injuries complained of, are wholly irrelevant to any issue involved in the case and wholly inadmissible.

6. *Same; same.*—In such a case, where the evidence for the defendant tended to show that the plaintiff was ejected because he was cursing or using profane language and was guilty of boisterous conduct, the fact that people on the outside of the car were cursing or using obscene language is wholly irrelevant and is not admissible.

7. *Action against railroad company for wrongful ejection of passenger; charge of court to jury.*—In an action against a railroad company to recover damages for the alleged wrongful ejection of the plaintiff from one of the defendant's trains, where the negligence counted on in the complaint is that the conductor wrongfully and forcibly ejected the plaintiff from the train, and the evidence for the plaintiff tended to show that the conductor pushed the plaintiff out of the car to the platform and then threw him from the platform to the ground, while the evidence for the defendant tended to show that at the time complained of, the plaintiff was drunk and the conductor only pushed him to the platform from which place plaintiff fell to the ground on account of his drunken condition, a charge is erroneous and properly refused which instructs the jury that if they believe that the conductor "knew at the time he ejected the plaintiff that he was so drunk as to be unable to protect himself, then it makes no difference whether plaintiff fell off said platform or was pushed off," the defendant would be liable in damages; the negligence referred to in the said charge not being counted upon in the complaint.

8. *Action against railroad company; charge as to facts showing bias of witness.*—In an action against a railroad company to recover damages for personal injuries, where the witnesses for

[Moore v. Nashville, Chattanooga & St. Louis Railway.]

the defendant testified that they were furnished with passes
by the defendant to attend the trial and their expenses during
the trial were paid by the defendant, a charge is erroneous
which instructs the jury that "The fact that the defendant
paid the actual expenses of its witnesses, while attending
this trial, has nothing to do with the issues in this case; such
payment by the defendant was right and proper."

9. *Misleading and abstract charges.*—The giving of misleading or
abstract charges does not constitute a reversible error.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. A. H. ALSTON.

This action was brought by the appellant, Charles H.
Moore, against the appellee, the Nashville, Chattanooga
& St. Louis Railway. The complaint contained but one
count, and in this count the plaintiff sought to recover
damages for personal injuries sustained by reason of
his being ejected from a passenger coach constituting a
part of a train on defendant's railway; it being averred
in the complaint that the plaintiff was originally a pas-
senger upon said train, and that while endeavoring to
find a seat in the coach which he had entered, he "was
rudely, willfully, violently and wrongfully seized by"
the conductor of said train, naming him, and was by
said conductor "pushed rudely down the aisle of said
coach, forcibly ejected therefrom on to the platform
thereof, and hurled backwards with great violence by
the said Martin [the conductor]' into a ditch, all of
which occurred in the presence and hearing of the pas-
sengers in said coach, and also in the presence and hear-
ing of a great crowd of people who had gathered about
the train; and by reason of all of which the plaintiff
suffered great injuries, to-wit." There then follows the
injuries complained of, which included personal injur-
ies and mental suffering incident to ridicule, mortifica-
tion and disgrace.

The defendant filed five pleas. The first was the gen-
eral issue. The second plea was as follows: "2. That
the plaintiff himself was guilty of negligence which con-
tributed proximately to his injury, in this, that at the
time of the alleged injury to him he was voluntarily in-
toxicated, and using obscene or abusive language while

32c

[Moore v. Nashville, Chattanooga & St. Louis Railway.]

on defendant's car in the presence of other passengers thereon, some of whom were women, and in order to prevent the plaintiff from annoying the said passengers the plaintiff's conductor took hold of the plaintiff and put him out on the platform of the car, and on account of plaintiff's drunken condition he fell off of the platform and thus received the injury complained of, if injury there was." The third and fourth pleas were substantially the same as the second. The fifth and sixth pleas were as follows: "5th. That the plaintiff was himself guilty of negligence which contributed proximately to his injury, in this: that at the time of the alleged injury the plaintiff while a passenger on the train of the defendant railway, was disorderly, and using profane, vulgar or indecent language, and the said Bright Martin was compelled to remove plaintiff from said train, and in so doing said Bright Martin was acting as police officer as provided by section 3457 of the Code of Alabama." "6th. That the defendant is in no way responsible for the conduct of said Bright Martin at the time of the alleged injury, as the said Martin was at that time acting as a police officer of the State of Alabama by virtue of the power conferred upon him under section 3457 of the Code of Alabama."

The plaintiff demurred separately to the second, third, fourth and fifth pleas, upon the grounds that said pleas constitute no valid defense to plaintiff's cause of action, and because said pleas fail to aver that defendant's conductor used no more force than was necessary in putting plaintiff out on the platform of said car.

To the sixth plea the plaintiff demurred upon the following grounds: "1. Because the averment in said plea that the defendant is in no way responsible for the conduct of said Martin at the time of the alleged injury is a mere conclusion of the pleader." 2. "Because the averment that the said Martin was at the time acting as a police officer of the State of Alabama by virtue of the power conferred upon him under section 3457 of the Code of Alabama is a mere conclusion of the pleader and no valid defense to plaintiff's complaint." These demur-

rers were overruled and issue was joined on the pleas filed by the defendant.

The evidence introduced for the plaintiff tended to show that having a ticket which entitled him to ride as a passenger on defendant's train, he boarded said train and that as he was trying to find a seat in the coach which he had entered, Bright Martin, the conductor on said train, forcibly took hold of the plaintiff and knocked him to his knees and then shoved him down the aisle to the platform of the car where he caught him in the collar with one hand and by the leg with the other hand and threw him from the platform into a ditch near the side of the track; that at the time he was so assaulted by the conductor, the plaintiff was in no way misbehaving, that he was not drunk at the time nor was he boisterous or cursing; that after he was thrown in the ditch he was helped on the train by two other people and while he was being put on the train the conductor Martin also helped put him back on the train. The plaintiff introduced evidence tending to show that he sustained the injuries complained of in the complaint. The plaintiff sought to prove that upon entering the train he went to his son who was sitting down and asked him to lend him fifteen cents. The defendant objected to the introduction of this evidence, the court sustained the objection, and the plaintiff duly excepted. The plaintiff sought to prove by several of the witnesses that at the time the plaintiff was ejected from the train there was the use of a great deal of profane language by persons who were on the outside of the car. The defendant objected to the introduction of this evidence, the court sustained the objection, and the plaintiff duly excepted.

During the examination of one Mose Head, a witness for the plaintiff, he testified in answer to a question, that the plaintiff told him after the train pulled out that he wanted the witness "to take care of him." The defendant objected to the question which elicited this answer, the court sustained the objection, and the plaintiff duly excepted. Upon motion of the defendant the court excluded the answer from the jury, and to this ruling the plaintiff duly excepted.

The evidence for the defendant tended to show that at

the time the plaintiff boarded the train he was very drunk; that there was in the coach at the time several women; that the plaintiff used vulgar and obscene language and was very boisterous; that the conductor remonstrated with him and asked him not to be guilty of such conduct, and told him if he did not stop he would have him put off the train; that upon plaintiff continuing to be guilty of such boisterous and indecent conduct, the conductor pushed him to the door on to the platform and that he was so drunk that he fell from the platform into the ditch. On the cross examination of each of the defendant's witnesses, they testified that the defendant gave them passes over the road to attend the trial and paid all of their expenses.

The plaintiff requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: (6.) "The court charges the jury that if they believe reasonably from the evidence, that conductor Martin knew at the time he ejected plaintiff, that he was so drunk as to be unable to protect himself, then it makes no difference whether plaintiff fell off said platform or was pushed off, the N., C. & St. L. R'y. would be liable in damages.

The plaintiff separately excepted to the court giving at the request of the defendant the following written charges: (2.) "The fact that the defendant paid the actual expenses of its witnesses, while attending this trial, has nothing to do with the issues in this case, such payment by the defendant was right and proper." (3.) "Under the law in this State, the conductor of a railroad train is a police officer and not only has the right, but it is his duty to keep order on the train on which he is conductor, and to eject all persons who use obscene or abusive language in the presence and hearing of the passengers." (4.) "If the jury believe from the evidence that the plaintiff Moore was intoxicated, and used obscene or vulgar language in the car of the defendant railway, then the conductor had the right to put Moore out of the car and to use such force as was necessary to accomplish it." (5.) "The court charges the jury that if they find from the evidence, that at the time of the

[Moore v. Nashville, Chattanooga & St. Louis Railway.]

alleged injury, plaintiff was a passenger on defendant's train, that Bright Martin was a conductor on said train, that plaintiff became disorderly, in that he used profane, vulgar or indecent language which act on the part of the plaintiff rendered it necessary for the said Bright Martin to eject plaintiff and that while Martin was trying to eject plaintiff from the train, plaintiff resisted the efforts of Martin to so eject him, which resistance on the part of the plaintiff was the cause of the plaintiff being injured, then the jury should find a verdict for the defendant."

There were verdict and judgment for the defendant. The judgment entry is in the following language: "On this the 18th day of November, 1902, come the parties by attorney and the plaintiff demurs to defendant's pleas. It is considered and adjudged by the court that the demurrers be and the same are hereby overruled. Issue being joined come a jury of good and lawful men to-wit, "W. H. Scarbrough and eleven others who being duly sworn and charged according to law upon their oaths do say: 'We the jury find in favor of the defendant.' It is therefore considered by the court that the defendant go hence and recover of the plaintiff the costs in this behalf expended, for which let execution issue. It is further considered by the court that the plaintiff have thirty days in which to prepare and have signed his bill of exceptions."

The plaintiff appeals and assigns as error the several rulings of the court to which exceptions were reserved.

In this court the appellee made a motion to dismiss the appeal upon the following grounds: 1. The record shows that there was no judgment rendered by the court below which would support an appeal; and 2d, that the bill of exceptions was not signed during term time, and there was no such order of the court as authorized it to be signed after the adjournment of the court. The judgment of the court was rendered on November 18th, 1902. The bill of exceptions was signed on December 17th, 1902.

[Moore v. Nashville, Chattanooga & St. Louis Railway.]

McCord & McCord, for appellant.—The demurrers to the several pleas should have been sustained. Each of said pleas fails to aver that no more force was used by the conductor in ejecting the plaintiff than was necessary. Each of said pleas states a mere conclusion of the pleader as to the necessity for the removel of the plaintiff from the defendant's train.—Code, § 3457; *Lawton v. Ricketts*, 104 Ala. 430; *Powell v. Crawford*, 110 Ala. 294; *Richards v. Richards*, 98 Ala. 599.

The evidence as to cursing or using of profane language by persons outside of the car, was relevant as tending to show that the conductor was mistaken as to who was cursing or using profane language.—*Williams v. Haney*, 3 Ala. 371; *McCrary v. Turk*, 29 Ala. 244.

Charge 6 requested by the plaintiff should have been given.—*Peck v. Ashurst*, 108 Ala. 438; *Gilmer v. Wallace*, 75 Ala. 222; *Wilson v. Smith*, 211 Ala. 170.

Oscar R. Hundley, *contra*.—The appeal in this case should have been dismissed. The judgment set out in the record is not such a judgment as will support an appeal.—*Jasper Mer. Co. v. O'Rear*, 112 Ala. 247; *Hereford v. Combs*, 126 Ala. 369; *Morgan v. Flexner*, 105 Ala. 356.

The bill should also be dismissed because the bill of exceptions was not signed in term time, and the order of the court allowing thirty days within which to have prepared and signed the bill of exceptions was not sufficient. The demurrers to the pleas were properly overruled. *L. & N. R. R. Co. v. Hall*, 131 Ala. 161; *N., C. & St. L. R. Co. v. Bates*, 133 Ala. 447.

The plaintiff concedes that his complaint was for a wanton, willful and intentional injury. Such being the case, although the proof might show simple negligence, the plaintiff could not recover.—*L. & N. R. R. Co. v. Markee*. 103 Ala. 160, 169; *L. & N. R. R. Co. v. Johnson*, 79 Ala. 436; *K. C. R. R. Co. v. Crocker*, 95 Ala. 432; *Bir. Min. R. R. Co. v. Jacobs*, 92 Ala. 187.

TYSON, J.—The motion of appellee to dismiss the appeal because no judgment was rendered by the trial court upon the verdict of the jury must be denied.—*Bell v. Otts,* 101 Ala. 186; 1 Freeman on Judgments, § 2.

The order of the court allowing thirty days for the preparation and signing of the bill of exceptions is sufficient.

The complaint alleges a wrongful ejection of the plaintiff by the conductor from one of the cars of defendant onto the platform of said car and from there to the ground resulting in injuries to his person. The defendant filed five special pleas, numbered 2, 3, 4, 5, and 6. All of them except the sixth are in form pleas of contributory negligence. They are, however, really an attempt to justify the conduct of the conductor in ejecting the plaintiff under section 3457 of the Code. As pleas of justification they are manifestly insufficient. While they aver the disorderly conduct of the plaintiff, they do not aver that the conductor used only such force as was necessary to accomplish his removal from the car. The demurrer interposed to each of them should have been sustained. The sixth was also bad. It averred substantially nothing more than that the conductor at the time he ejected the plaintiff was acting as a police officer of the State by virtue of the power conferred upon him by section 3457. The fact that he was clothed with the authority of a police officer and acted in that capacity on the occasion of plaintiff's ejection, does not relieve his company, the defendant, from liability if he was not justified in the exercise of that authority or if in the exercise of it he used more force than was necessary.

We are unable to see the relevancy of the testimony offered by plaintiff that he applied to his son to loan him fifteen cents; or that cursing or profane language was used by others who were on the outside of the car. Nor was there error in excluding the request to Head by plaintiff "to take care of him" after he had received the injuries complained of. None of these matters were a part of the *res gestae* of the transaction and could shed no light upon the material issue in the case.

[Moore v. Nashville, Chattanooga & St. Louis Railway.]

Charge six requested by plaintiff was properly refused. The negligence of the conductor in leaving the plaintiff on the platform, after ejecting him from the car, knowing that he was so drunk as to be unable to take care of himself, is not counted on in the complaint, and could not, therefore, be made the basis of a recovery.

Charge No. 2 given at the request of defendant was improper. It invaded the province of the jury and asserted an incorrect proposition of law. While it may be true as asserted in that it was right and proper for the defendant to pay the expenses of its witnesses, yet, the fact that its witnesses were transported by it to the place of the trial free of charge and their hotel bills paid is a circumstance tending to show bias and was proper matter for the consideration of the jury.—*Ala. Great So. R. Co. v. Johnston*, 128 Ala. 283. This being true, it was clearly error to instruct the jury as matter of law the fact that defendant paid the expenses of its witnesses "has nothing to do with the issues in the case."

The only objection urged aganst charge 3 given for defendant is that it was misleading. It asserted a correct proposition of law, and if its tendency was to mislead, this should have been corrected by requesting an explanatory charge.

Conceding that charge 5 was abstract, the giving of it is not reversible error.—2 Mayfield's Dig., pp. 565, 573.

In conclusion, it may not be amiss to say, that we cannot concur in the view urged by appellee's counsel that it was entitled to the affirmative charge and, therefore, if error was committed, it was without injury. The testimony was in direct conflict upon every material issue of fact presented by the pleadings.

Reversed and remanded.