# Birmingham & Atlantic R. R. Co. *v.* Maddox & Adams.

## *Assumpsit.*

(Decided May 14, 1908. 46 South. 780.)

1. *Contracts; Action On; Common Counts.*—Where a contract is fully performed by one of the parties to it and nothing remains for the other party to do but the payment of the price in money, a recovery may be had on the common counts.

2. *Evidence; Judicial Notice.*—It is a matter of common knowledge of which the courts take judicial knowledge that when speaking of shingles the abbreviation "5x16" means shingles five inches wide and sixteen inches long.

3. *Custom and Usage; Nnambiguous Contract; Evidence.*—Where a contract is plain and unambiguous it is not competent to introduce evidence of a custom or usage of people in that particular business, the tendencies of which would be to change or alter the terms of the contract.

[Birmingham & Atlantic R. R. Co. v. Maddox & Adams.]

4. *Pleading; Admissions by; Tender.*—A plea of tender and the introduction of evidence to support it, together with a deposit in court, is an admission by the party that it was the contracting party, or at least liable on that account to plaintiff:

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by Maddox & Adams against the Birmingham & Atlantic Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The evidence tended to show that plaintiff shipped from Cropwell, Ala., to C. B. Sims, at Renfroe, Ala., 50,-000 shingles 5x16 inches, deadhead, and that C. B. Sims was the agent of defendant at Renfroe, Ala. The letters forming the contract which is stated in the opinion were written by C. B. Sims, agent B. & A. R. R. Co.; that is, the first letter was so written, while the other letters were signed by the Coosa Valley Company by its agent, Dunglinton, and the letters called for a shipment of "50,000 No. 2 sap shingles, 5x16 inches, at $2 per M." The tendencies of the evidence were to show that 40,000 pieces were shipped; that is, 40,000 shingles, 5x16, 200 bundles of 200 pieces each. In this connection the plaintiff offered to show, and the court permitted them to show over the objection of defendant, that a shingle 5x16 counted as 1¼ shingles, and that the custom and usage among mill men were to ship 40,000 of such pieces on a 50,000 order, or, as put by another witness, a bundle of 200 shingles 5x16 was counted as 250 pieces, or as 250 shingles. The defendant tendered to the plaintiff before suit brought the sum of $81 as the amount of principal and interest due for the shingles, which tender was refused.

KNOX, DIXON & BURR, for appellant. No brief came to the Reporter.

M. K. SMITH, and VICTOR SMITH, for appellee. No brief came to the Reporter.

DOWDELL, J.—The complaint is on the common counts, except the fourth count. The judgment recites that the fourth count was "stricken by the plaintiff." Where a contract is performed by one of the contracting parties, and nothing remains to be done by the other but the payment of the contract price in money, a recovery may be had on the common counts. This action is based upon a contract between the parties. The contract was in writing and by correspondence. When the whole correspondence, from the first letter of the defendant to the plaintiff's inquiring as to price, etc., is considered, which must be done, the contract is free from doubt or ambiguity. The contract in plain terms was that the plaintiffs should deliver f. o. b. cars at Cropwell for the defendant at Renfroe, 50,000 sap shingles, 5x16, at $2 per thousand.

It is a matter of common knowledge, when speaking of shingles, that "5x16" means 5 inches wide and 16 inches long, and of this the courts will take judicial notice, and parol evidence is unnecessary to explain. Abbreviations in common use, when employed in contracts, are matters of judicial cognizance as to their meaning. —*Sheffield Furnace Co. v. Hull Coal & Coke Co.,* 101 Ala. 446, 479, 480, 14 South. 672; 16 Cyc. 875; 7 Ency. of Evidence, 925.

The contract being plain and unambiguous, it was not competent to prove a custom, the tendency of which was to change or alter the terms of the contract. As was said in *Tallassee Falls Mfg. Co. v. Western Ry. of Ala.,* 128 Ala. 167, 29 South. 203: "Proof of custom, though proper to be resorted to in some cases, is never admissible to vary or control a written contract which on its

face is free from ambiguity, if there are no circumstances to create doubt of the proper application of the terms used in the writing. Parties by express stipulations may always exclude any inference that they intend to adopt a custom or usage into their contracts." See, also *Shelby Iron Co. v. Dupree,* 147 Ala. 602, 41 South. 182; *Wilson v. Smith,* 111 Ala. 170, 20 South. 134; *Hartsell v. Masterson,* 132 Ala. 280, 31 South. 616; *Kuhl v. Long,* 102 Ala. 568, 15 South. 267. Evidence, therefore, of what, according to custom and usage among shingle-cutting mill men, was a standard commercial shingle, and that a shingle 5 inches wide and 16 inches long counted $1\frac{1}{4}$ shingles according to such custom, was inadmissible. The direct effect of this evidence was to change the written contract between the parties. The contract in plain and unequivocal terms called for 50,000 shingles 5x16; that is, 5 inches wide and 16 inches long. The description both as to the number of pieces and the measurement is specific, and to change this by proof of a custom would be to contradict the written contract, or, rather, to substitute another and a different contract between the parties than the one evidenced by the writing.

If the contract had called for shingles merely, without any further description as to measurement, then there would be something in the contention of the plaintiffs, the appellees here, and evidence of custom and usage such as offered in this case would be admissible for the purpose for which it was here offered. This is the important and controlling question in the case, and what we have said indicates the errors committed on the trial, and will sufficiently guide upon another trial. There was ample evidence from which the jury were authorized to find that the defendant was the contracting party, or, at least, liable on account to the plaintiffs. Indeed, evidence introduced by the defendant in support

of the plea of tender and deposit by the defendant of the amount tendered in court was an admission to that end.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.