# Louisville & Nashville R. R. Co. *v.* Stanley.

### *Setting Out Fire.*

(Decided April 16, 1914.   65 South. 39.)

1. *Railroads; Fires; Setting Out; Action; Complaint.*—A complaint which avers that a ginning plant, the property of plaintiff was set on fire by sparks from a locomotive on the railroad company's track, and that the plant was negligently set on fire and destroyed by the railroad company, sufficiently charged that the locomotive was owned or operated by the railroad company.

2. *Same; Evidence; Jury Question.*—Where the railroad showed that the engine, which was alleged to have set out the fire was properly constructed and equipped and was properly handled, it became entitled to a verdict, unless it appeared further that the sparks emitted by the locomotive were of unusual quantity and size, in

which event the question of a defect in the engine, or of its improper handling, became one for the decision of the jury.

3. *Pleading; Amendment; Change of Parties.*—Where the action was originally against two defendants seeking to recover damages for a negligent act, the court properly permitted plaintiff to strike one of the co-defendants. (Section 5367, Code 1907.)

4. *Witnesses; Impeachment; Paying Expenses.*—It is competent for a party on cross-examination of a witness to show that such witness's expenses at the trial was being paid by the adverse party.

5. *Appeal and Error; Harmless Error; Evidence.*—Where the action was against the railroad company for loss by fire set out by sparks from a locomotive, it was not harmful to permit plaintiff to ask witness whether he had ever heard of a locomotive setting fire to a building 110 feet from the track.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by J. J. Stanley against the Louisville & Nashville Railroad Company and others for setting fire to and destroying plaintiff's ginning plant. From a judgment for plaintiff, defendant named appeals. Affirmed.

The original complaint alleged that the North & South Alabama Railway Company owned a railroad which was leased to the Louisville & Nashville Railroad Company, and that the Louisville & Nashvill Railroad Company were operating trains of cars and engines over said railroad track. The complaint was afterwards amended, eliminating the North & South Alabama Railroad Company and leaving the Louisville & Nashville Railroad Company, as the sole defendant. The amendment was objected to by the defendant, but objection was overruled. Count 3 is as follows: "Plaintiff claims of defendant the Louisville & Nashville Railroad Company, a body corporate, operating a steam railway in Chilton county, Ala., $3,000 as damages, for that on, to wit, November 19, 1911, the ginning plant of plaintiff, and a large quantity of cotton stored there, in said state and county, was set on fire and destroyed by sparks from a locomotive upon the track of said railway. Plaintiff avers that said ginning plant and cotton were, at the

time they were destroyed, the property of the plaintiff, and plaintiff avers that defendant negligently set fire to and destroyed said plant and said cotton, to plaintiff's damage." The demurrers were that the counts fail to allege how or in what manner the negligence of defendant set fire to the gin and cotton of plaintiff, because said count fails to allege that the locomotive was the property of plaintiff, or was being operated by defendant; it fails to allege that the sparks which came from the engine on the track of defendant were caused to come from said engine either by the negligent operation of said engine or the imperfect or negligent construction or equipment of said engine.

MULLINS, SMITH & GERALD, POWELL & HAMILTON, and GEORGE W. JONES, for appellant. The appellant relies on the following propositions. 1st, there was no testimony showing that appellant, its agents or servants destroyed appellee's property, and that no negligence is shown as the testimony without conflict shows that the engine was properly equipped and constructed and properly handled, and hence, defendant was entitled to the affirmative charge. It is also insisted that the court is in error in permitting the amendment to the complaint, and in overruling demurrers to the amended complaint. The following authorities are relied on as sustaining these propositions.—*L. & N. v. Marbury L. Co.,* 125 Ala. 257; *Farley v. M. & O.,* 149 Ala. 555; § 5367, Code 1907, and authorities cited.

MIDDLETON & REYNOLDS, and W. A. DENSON, for appellee. No brief reached the Reporter.

ANDERSON, C. J.—Count 3 of the complaint was not subject to the defendant's demurrer. While it avers

that the ginning plant was set fire to by sparks from a locomotive on defendant's track, and does not aver that the locomotive was owned or operated by the defendant, the said count further avers that said plant was negligently set fire to and destroyed by the defendant, and which, of course, charges the defendant with responsibility for the instrumentality causing the fire.

The suit was against this defendant jointly with the North & South Railroad, but the said North & South Railroad was eliminated by an amendment to the complaint, which said amendment is set out and numbered as a part of the pleading, and is definitely referred to in the judgment entry. The amendment was authorized under section 5367 of the Code of 1907.

There was proof from which the jury could infer that sparks from a certain engine of the defendant set fire to the plant, and, while the defendant's evidence showed that the engine was in proper condition as to spark arrester, etc., and was properly handled at the time, there was evidence on the part of the plaintiff that said engine when passing the place of the fire, and, when nearly opposite the gin, was emitting large and *unusual* quantities of sparks, and this was sufficient to take the case to the jury. As has been held by this court, when the defendant shows a properly constructed and equipped engine, and that it was properly handled, it is entitled to the general charge, unless this evidence is rebutted in some way by evidence tending to show that such was not the case. It has also been held that proof only of the emission of a large quantity of sparks is not sufficient to carry the case to the jury.—*Farley v. M. & O. R. R.*, 149 Ala. 557, 42 South. 747; *L. & N. R. R. v. Marbury*, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620. But, when the proof shows that sparks of an unusual quantity or of an unusual size were emitted, this is some

[Louisville & Nashville R. R. Co. v. Stanley.]

proof either of a defect in the engine or an improper handling of same, and should take the case to the jury. Indeed, the distinction between a "great deal" of sparks and sparks in unusual quantities, or of an unusual size, was made in the *Farley Case, supra,* wherein it was stated: "The latter would afford reasonable inference of defective equipment or of unskillful handling of an engine, while the former would not." There was no error in refusing the general charge requested by the defendant.

We have examined each of the defendant's refused charges as are sufficiently argued and discussed in brief of counsel, and think that the refusal of same was free from reversible error.

There was no error in permitting the plaintiff to prove, by the witness Ellis, that the defendant was paying his expenses at the trial.—*Moore v. N., C. & St. L. R. R.,* 137 Ala. 495, 34 South. 617; *A. G. S. R. R. v. Johnson,* 128 Ala. 283, 29 South. 771.

The trial court committed no reversible error in permitting plaintiff to ask the witness Hitch if he ever heard of an engine setting fire to a building 110 feet from a railroad track.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.