# Southern Railway Co. *v.* Slade.

## *Setting Out Fire.*

- (Decided June 3, 1915.  68 South. 867.)

1. *Railroads; Setting Out Fire; Contributory Negligence.*—Where the action is against a railroad for negligently setting fire to property near its right of way by sparks from an engine defectively constructed or equipped, or improperly operated, a plea of contributory negligence based upon the condition of the property or premises injured as promotive of the fire, constitutes no defense.

2. *Pleading; Stating No Defense; Mode.*—A plea which states no defense to the action should be attacked by demurrer and not by motion to strike; but error in striking such a plea is not prejudicial in such a sense as to work a reversal, where the plea is incapable of amendment.

3. *Rrailroads; Fires; Presumption; Burden of Proof.*—Where the plaintiff shows injury to his property by fire caused by sparks emitted from a locomotive of defendant, he establishes a prima facie case of negligence, and may recover; but if defendant shows itself free from negligence in the construction, equipment or operation of its locomotive, or in the condition of its right of way, if the fire started there, the initial presumption of negligence as to the condition and operation of the locomotive is rebutted, and in the absence of countervailing evidence, becomes entitled to the general affirmative charge.

4. *Same; Fires; Evidence.*—The fact that the locomotive emitted some sparks which fell upon and ignited the dry grass at other points along the track, has no tendency to show either defective equipment or negligent operation.

5. *Evidence; Judicial Notice; Fires.*—Courts judicially know that fire will escape from the best equipped and most prudently operated locomotive in sufficient quantities to ignite combustible material along its track.

6. *Railroads; Fire; Jury Question.*—In an action against a railroad for setting out fire to property near its right of way by negligently permitting combustible material to remain upon its right of way, its liability is a jury question.

7. *Tender; Admission; Effect.*—Ordinarily a tender is an admission of liability for the amount tendered.

8. *Same.*—While a plea of tender accompanied by a payment of the money into court conclusively admits the plaintiff's cause of action as to the amount tendered, yet the plea may be accompanied by a plea of the general issue, which for all purposes, except the acquisition of the sum tendered, imposes upon plaintiff the burden of proving his complaint, especially where it consists of several variant counts.

9. *Charge of Court; Misleading; Explanatory.*—An explanatory charge should be requested whenever a given charge is deemed to have misleading tendencies.

10. *Railroads; Fire; Title.*—Where the action is against a railroad for damages to property by setting out fire, the plaintiff need not produce written evidence of title to the land, but possession under claim of ownership is sufficient, where there is no evidence showing ownership in another.

11. *Damages; Destruction of Buildings and Trees.*—Where buildings are destroyed by fire, they are regarded as capable of a separate valuation, and the measure of damages is their value at the time of the injury, and where the property has no market value, or the market value is inadequate, the measure of damages is its reasonable value for the uses to which the owner was putting it or might have put it; evidence as to the reasonable cost of the burned building, or of similar new buildings, is relevant in support of opinion evidence as to actual value, in connection with the evidence showing the depreciation from use and age. Where growing trees are destroyed, the measure of damages is the diminished value of the premises on which they are growing.

12. *Same.*—In cross-examining a witness as to the value of buildings destroyed by fire, it was competent to inquire as to items and present value of the materials incorporated in the building.

APPEAL from Washington Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by James B. Slade against the Southern Railway Company for damages for setting out fire. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under section 6, Acts 1911, p. 450.

Count 1 as amended charges negligence in permitting combustible material to remain on the right of way. Count 2 charges a defect in the locomotive for want of a spark arrester. Count 3 charges the negligent operation of the locomotive. While count 4 charges negligence in its construction. Special pleas A and B, which were filed to the original complaint only, set up plaintiff's contributory negligence in permitting dry grass, refuse, trash, or other inflammable substances to accumulate and remain near his said building, by means of which the fire complained of was communi-

cated to his building. These pleas were stricken on motion of plaintiff. Defendant also filed and supported by proof a special plea of tender of $125, accompanied by payment of this sum into court. There was verdict for plaintiff for $190, and judgment accordingly.

GRANADE & GRANADE, for appellant.

JOE M. PELHAM, JR., for appellee.

SOMERVILLE, J.—(1-3) In an action against a railroad company for negligently setting fire to property near its right of way by sparks emitted from an engine which is deficiently constructed or equipped, or improperly operated, a plea of contributory negligence, based upon the property or premises injured as promotive of the fire, is no defense.—*So. Ry. Co. v. Darwin*, 156 Ala. 311, 47 South. 314, 140 Am. St. Rep. 94; *L. & N. R. R. Co. v. Marbury Lbr. Co.*, 125 Ala. 237, 260, 28 South. 438, 50 L. R. A. 620. The proper mode of elimination, however, is by demurrer, and it is error to sustain a motion to strike such a plea from the file.— *A. G. S. R. R. Co. v. Clark*, 136 Ala. 450, 34 South. 917. Nevertheless, the pleas stricken by the court in this case were incapable of amendment, and the action of the trial court was not prejudicial to the defendant in such sense as to work a reversal of the judgment.

Whether these pleas would have been meritorious if they had been interposed to the first count, as amended, we need not inquire.—See cases cited, supra, and also *Sullivan Timber Co. v. L. & N. R. R. Co.*, 163 Ala. 125, 50 South. 941.

(4) It is elementary law that, when the plaintiff shows injury to his property by sparks emitted from the defendant's locomotive, a prima facie case of neg-

ligence is thereby established, and the plaintiff may recover unless the defendant shows itself free from negligence in the construction, equipment, or operation of its locomotive, or in the condition of its right of way, if the fire is first started there.—*Deason v. A. G. S. R. R. Co.,* 186 Ala. 100, 65 South. 172.

It is shown in this case, without dispute, that the locomotive which set out the fire complained of was properly constructed, properly equipped with an approved and efficient spark arrester, in good repair, and properly managed on the occasion in question.

(5, 6) This rebuts the initial presumption of negligence as to the condition and operation of the locomotive.—*L. & N. R. R. Co. v. Marbury Lbr. So.,* 132 Ala. 520, 32 South. 745, 90 Am. St. Rep. 917. And, in the absence of countervailing evidence, the defendant was entitled to the general affirmative charge on the second, third, and fourth counts of the complaint, which respectively charge negligence in the equipment or operation of the locomotive in question.—*L. & N. R. R. Co. v. Marbury Lbr. Co.,* 125 Ala.262, 28 South. 438, 50 L. R. A. 620. Nothing in the bill of exceptions has any tendency to show that this locomotive at any time emitted sparks of unusual size or quantity; and the fact that it emitted some sparks which fell upon and ignited the dry grass at other points along the track had no tendency to show either defective equipment or negligent operation.—*L. & N. R. R. Co. v. Marbury Lbr. Co., supra; Stanley v. L. & N. R. R. Co.,* 186 Ala. 95, 65 South. 39; *Farley v. M. & C. R. R. Co.,* 149 Ala. 557, 42 South. 747. This is so, because courts judicially know that "fire will escape from the best equipped and most prudently operated locomotives in sufficient quantities to ignite combustible material along the track."

*L. & N. R. R. Co. v. Miller,* 109 Ala. 500, 506, 19 South.
989; *L. & N. R. R. Co. v. Marbury, supra.*

(7) In short, upon the undisputed evidence before
the court, the plaintiff was entitled to recover, if at all,
only by reason of the defendant's negligent permission
of inflammable materials, such as grass and leaves, on
its right of way, as charged in the first count. It fol-
lows that the trial judge erred in refusing to give the
general affirmative charge for the defendant, as request-
ed, on each of the other counts.

The defendant's liability under the first count was
a question for the jury, and the general affirmative
charge was properly refused as to it.—*L. & N. R. R.
Co. v. Miller,* 109 Ala. 500, 507, 19 South. 989.

(8, 9) A "tender" is ordinarily an admission of lia-
bility for the amount tendered.—*B'ham, etc., R. R. Co.
v. Maddox,* 155 Ala. 292, 46 South. 780; *B'ham Paint
Co. v. Crampton,* 39 South. 1020. And a plea of ten-
der accompanied by payment of the money into court
conclusively admits the plaintiff's cause of action with
respect to the amount so tendered.—38 Cyc. 176, and
cases cited. But, under our system of practice, the plea
of tender may be accompanied by a plea of the general
issue, which, for all purposes except the acquisition of
the sum tendered, imposes upon the plaintiff the bur-
den of proving his complaint—especially where it con-
sists of several variant counts, as here.

The trial judge instructed the jury that defendant's
tender (followed by plea and payment into court) was
"an admission of liability in this case, a liability for
$125."

(10) There was no error in this, and, if it had any
misleading tendency, an explanatory charge should
have been requested.

There are several objectionable expressions in the oral charge, but these will scarcely recur, and need not be noticed.

The several counts of the complaint, as amended, were not subject to the grounds of demurrer presented against them.

(11) In actions of this character it is not incumbent on the plaintiff to produce written evidence of title to the injured lands. Possession under claim of ownership is sufficient, in the absence of evidence showing ownership in another.—*A. G. S. R. R. Co. v. Johnston,* 128 Ala. 283, 295, 29 South. 771.

There were many exceptions to rulings on testimony relating to the value of the several impovements injured or destroyed.

(12, 13) Where buildings are destroyed, they are regarded as capable of a separate valuation, and the measure of damages is the value of the property at the time of the injury; and "where the property has no market value, or the market value is inadequate, the proper measure of damages is its reasonable value  *  *  * for the uses to which the owner was then putting it, or might have put it."—33 Cyc. 1391, 1392.

While the reasonable cost of the burned building, or of similar new buildings, is not the criterion of value, yet evidence thereof is relevant in support of opinion evidence as to actual value, in connection with evidence showing the extent of depreciation from use and age. —*A. G. S. R. R. Co. v. Johnston,* 128 Ala. 283, 295, 29 South. 771; *Wall v. Pratt,* 169 Mass. 398, 58 N. E. 207; 33 Cyc. 1391. And, on the cross-examination of witnesses as to value, it is clearly competent to inquire as to the items and present value of the materials incorporated in the building.

Where growing trees are destroyed, the measure of damages is the diminished value of the premises.—*Greenfield v. Chicago, etc., R. R.,* 83 Iowa 270, 49 N. W. 95; *Louisville, etc., R. R. Co. v. Kohlruss,* 124 Ga. 250, 52 S. E. 166.

What we have said will be a sufficient guide upon another trial of the case. For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.