## Illinois Central Railroad Company

*v.*

## Jacob Frazier.

Negligence—*railroad company suffering dry grass and weeds to remain on its right of way so as to communicate fire.* In an action on the case, by a plaintiff against a railroad company, to recover damages occasioned by the escape of fire from its engine to dry grass and weeds on its roadway, and from thence to plaintiff's premises, the proof showed that, although defendant had the proper mechanical appliances to prevent the escape of fire, yet there was a heavy growth of grass and weeds upon the company's land where the fire started; that it had not been burned off that season; that the plaintiff was not negligent in this respect on his part, and the fire occurred in the latter part of September, when the weeds and grass were very dry and combustible: *Held*, that the jury were warranted in finding the company guilty of negligence in allowing the accumulation of combustible material on its ground.

Appeal from the Circuit Court of Marion county; the Hon. Silas L. Bryan, Judge, presiding.

Mr. George W. Wall, for the appellant.

Mr. B. B. Smith, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action on the case against the railroad company, to recover for damages occasioned by the escape of fire from its engine to the dry grass, weeds, etc., on its roadway, and thence to appellee's meadow and grounds, whereby hay, rails and hedge belonging to him were burned; the declaration averring that the defendant had negligently suffered its roadway to become foul with dry grass, weeds, etc.

A question of fact, merely, is presented on the record, whether the verdict in favor of the plaintiff was contrary to the evidence.

In *Ill. Cent. R. R. Co.* v. *Mills*, 42 Ill. 408, it was held to be error to instruct the jury that it was negligence for a railroad company to permit weeds and grass to remain on its right of way after they had become dry and combustible, but that it was a question of fact whether there was negligence, to be determined by the jury in view of the extent to which dead grass and weeds had been allowed to accumulate in the locality, the season of the year, and all other circumstances affecting liability to fire.

In *O. & M. R. R. Co.* v. *Shanefelt*, 47 Ill. 497, it was held that, where the railway company has in use and repair the best known mechanical appliances to prevent the escape of fire, and a land owner is equally negligent in permitting dry grass and weeds to accumulate on his adjoining land as the company is upon its roadway, there can be no recovery by the land owner for damage caused in consequence of the communication of fire from the grass and weeds on the company's land to the grass and weeds on his own land.

In the case now before us, although the proof shows that there were the proper mechanical appliances to prevent the escape of fire, there was uncontradicted evidence that there

was a heavy growth of grass and weeds upon the company's land at the point where the fire started; that it had not been burned off that season; that part of plaintiff's adjoining land was in pasture and had been closely pastured; another part was a corn field which had been tilled that season. The fire occurred in the latter part of September. The jury were not without warrant, from the evidence, in finding that there was negligence on the part of the railway company in allowing the accumulation of combustible material on its ground, and that there was not such negligence in that respect on the part of the plaintiff in regard to his own land, as to preclude a recovery.

We do not think it a case where the finding of the jury upon the facts should be disturbed.

The judgment is affirmed.

*Judgment affirmed.*