The Pittsburgh, Cincinnati and St. Louis Railway Company

*v.*

Charles M. Campbell.

1. Negligence — *not removing combustible matter from right of way.* Under the statute a railway company in the use of a railroad as lessee, or otherwise, is guilty of negligence if it fails to keep its right of way clear from all dead grass, weeds, etc., and for such neglect is made liable for injuries to others from the escape and transmission of fire from its engines.

2. Same — *presumed from escape of fire.* The communication of fire by any locomotive engine while on or passing over any railroad, affords full *prima facie* evidence to charge the corporation or persons in the use of such road as owner, lessee, or mortgagee, under the statute, with negligence in not keeping the right of way free from combustible matter, and in the use of the engines and for not having them in all respects in a good and safe condition. Proof of the communication of fire makes a case entitling the plaintiff to recover against any company using or occupying the road.

3. Same — *liability for acts of lessees.* The lessee of a railroad, who by contract permits another company to use the road, is liable for the negligent acts of the latter company.

Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. Crawford & McConnell and Mr. E. Walker, for the appellant.

Mr. Daniel E. Barnard, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

On August 19, 1874, fire escaped from an engine either of appellant or the Chicago, Danville and Vincennes Railroad Company, and spread over the meadow of appellee, destroying a large amount of his hay, grass, etc. A train belonging to each company passed about the same time and near together, and the fire was discovered in several places on appellee's farm, immediately after they passed. It is altogether probable that fire may have been communicated by both, but the jury have found that it was by that of

444        P., C. & St. L. Ry. Co. *v.* Campbell.    [Sept. T.·

Opinion of the Court.

appellant, as that company as lessor was liable for fire that may have been set by its lessee.

Appellant seems to be a lessee of the road from the Columbus, Chicago and Indiana Central Railroad Company, which company was the owner of the road. The Chicago, Danville and Vincennes Railroad Company were lessees of, or using, the road or a part of it, by and under an arrangement with appellant, and hence occupied the relation of lessee to appellant.

It is urged that if the Chicago, Danville and Vincennes train communicated the fire, appellant is not liable, however negligently it may have occurred. The evidence tends to show, and the jury were warranted in finding, that the right of way of this road, at the place where the fire started, was not free from dry weeds, grass, and other combustible material. The 38th section of the Railroad and Warehouse Act provides that "it shall be the duty of all railroad corporations to keep their right of way clear from all dead grass, dry weeds, or other dangerous, combustible material, and for neglect shall be liable to the penalties named in section" 37. That section imposes, as a penalty, double the amount of damages suffered by a non-compliance with its requirements.

The 78th section of the act provides that where any fire shall be communicated by any locomotive engine, whilst on or passing over any road, the fact that it was so communicated shall be taken as full *prima facie* evidence to charge with negligence the corporation or person or persons who shall, at the time of such injury by fire, be in the use and occupation of such railroad, either as owners, lessees, or mortgagees, and also those who shall at the time have the care and management of the engine.

From these provisions it is manifest that both appellant and its lessee are, by the statute, to be held *prima facie* negligent,— negligent in not removing all combustible material from the right of way; negligent in the use of their engines, and for not having them in all respects in a

good and safe condition. The plaintiff, on proof that fire was communicated, makes a case that entitles him to recover against any company using or occupying the road. And it is clear, beyond all doubt, that appellant was using this road, and one of its trains passed at the time near to that of the other company. This, then, made a " full *prima facie* " case for a recovery by appellee, and, on an inspection of the evidence, we are clearly of opinion that it has not been overcome by appellant.

Again, appellant was the lessee of the road, and permitted, by contract, the Chicago, Danville and Vincennes Company to use it, and thereby became liable for the negligent acts of the latter company. *Ohio & Mississippi R. R. Co.* v. *Dunbar*, 20 Ill. 623; *Illinois Central R. R. Co.* v. *Kanouse*, 39 id. 272; and *The Toledo, Peoria & Warsaw Ry. Co.* v. *Rumbold*, 40 id. 143. These cases establish the liability of appellant so clearly that reasoning or further authority is not required.

A careful examination of the evidence shows that it sustains the verdict, and the instructions given accord with the views here expressed. Nor did the court err in refusing appellant's instructions. The damages were properly assessed, and are not excessive. The judgment must be affirmed.

*Judgment affirmed.*