WILLIAM L. JONES v. THE MICHIGAN CENTRAL RAILROAD CO.

*Right of way—Duty of railroad company to keep it clear from dangerous and combustible material—Liable for negligent failure so to do—Question of such negligent failure, always for the jury—Condition of the elements and dryness of season necessarily enter into its consideration—How. Stat. § 3378 construed—Burden of proof thereunder—Province of the jury to pass upon the facts.*

1. It is the duty of a railroad company to keep its right of way reasonably clear of dangerous, combustible matter, and if in consequence of its negligent failure so to do, a fire occurs, and damage is thereby done to the property of another, the company will be liable therefor, and the question of such negligent failure is always a question for the jury.

2. The statute (§ 3378 How. Stat.), was not intended to relieve a railroad company of any of its common law liabilities, incurred through acts of commission or omission of a negligent character; and when it is

made to appear, by the plaintiff's testimony, that a fire originated from either of the causes mentioned in the statute, the burden is cast upon the railroad company to show itself free from negligence in the matter.

3. The dryness of the season and direction of the wind, at time of the fire, and the accumulation of combustible matter on the right of way, necessarily entered largely into the consideration, by the jury, of the question of the alleged negligence of the railroad company, and defendant's first and second requests were properly refused.

4. It would have been an invasion of the province of the jury, not warranted by the law, for the court to have passed upon the facts of this case as presented by the evidence, and the court was justified in refusing defendant's third request.

Error to Cass. (Smith, J.) Argued January 20, 1886. Decided January 27, 1886.

Case. Defendant brings error. Affirmed.

*Edwards & Stewart* and *Ashley Pond*, for appellant.

*Howell & Carr*, for plaintiff.

SHERWOOD, J. This action is brought by the plaintiff to recover the value of a barn and a quantity of hay contained therein, and several hundred rails destroyed by fire.

It is alleged by plaintiff that the barn was burned in consequence of the negligence of the defendant, in allowing the fire, which had caught in the grass from falling sparks thrown from a passing engine, to pass from defendant's right of way to the premises of the plaintiff, which was a stubble field, in which the barn stood, and only about 120 feet from the track of defendant's road.

The cause was tried in the Cass circuit before a jury, and judgment was obtained for the plaintiff for the sum of $310.66. The defendant brings error.

There is no claim that the judgment is excessive, if the plaintiff was entitled to recover at all.

The plaintiff claims that his proofs brought his case within the provisions of the following statute:

"Any railroad company, building, owning, or operating any railroad in this State, shall be liable for all loss or damage to property by fire originating from such railroad, either from engines passing over such road, fires set by company employes by order of the officers of said road, or otherwise originating in the constructing or operating of such railroad ; *Provided*, that such railroad company shall not be held so liable if it prove to the satisfaction of the court or jury, that such fire originated from fire by engines whose machinery, smoke-stack, or fire-boxes were in good order and properly managed, or fires originating in building, operating, or repairing such railroad, and that all reasonable precautions had been taken to prevent their origin, and that proper efforts had been made to extinguish the same in case of their extending beyond the limits of such road, where the existence of such fire is communicated to any of the officers of such company." How. Stat. § 3378.

The plaintiff's testimony tended to show that opposite the place where the barn stood, in going east, the track passed over an up grade ; that the barn stood on the north side of the railroad track ; that the injury by burning complained of by plaintiff occurred on the seventeenth day of July, 1884 ; that no rain had fallen for about three weeks previous ; and that everything was very dry ; that the June grass upon the defendant's right of way, had grown up to the height of a foot or eighteen inches, was dead, and had lopped over, and was very dry ; that it had not been burned, or the right of way burned over that year previous to the injury ; that the grass extended to the north side of the track ; that a freight train passed the point where the fire occurred, going east, about ten minutes before the fire was discovered ; that the fire ran along the company's right of way to the railroad fence, which took fire, and the track of the fire then passed from there into the field and to plaintiff's barn ; and that the fire ran on the defendant's right of way about thirty rods before it entered the field where the barn was ; and that it reached the barn in about ten minutes thereafter.

We think the above facts were sufficient to be submitted to the jury upon the question of the origin of the fire, and upon which the jury were warranted in finding that it orig-

inated in the defendant's operating the railroad; and if so, the case would fall within the statute above referred to, and the defendant's eighth request, which was for the court to direct a verdict for the defendant, was properly overruled.

We do not think the statute, above referred to, was intended to relieve the company of any of its common-law liabilities, incurred through acts of commission or omission of a negligent character.

The doctrine is now very well settled, and we think correctly, that a railroad company must keep its right of way reasonably clear of dangerous combustible matter, and if a fire occurs in consequence of a negligent failure so to do, and damages therefrom ensue to the property of another, the company will be liable therefor: *Smith v. London & S. W. Ry. Co.*, L. R. 5 C. P. 98 ; L. R. 6 C. P. 14 ; *Bass v. Chicago B. & Q. R. Co.*, 28 Ill. 9 ; *Illinois Cent. R. Co. v. Frazier*, 64 Ill. 28 ; *Rockford, R. I. & St. L. R. Co. v. Rogers*, 62 Ill. 346 ; *Salmon v. Delaware, L. & W. R. Co.*, 38 N. J. Law ; 5 ; *Same v. Same*, 39 N. J. Law 299 ; *Richmond & D. R. Co. v. Medley*, 40 Amer. Rep. 734 ; *Flynn v. San Francisco & S. J. R. Co.*, 6 Amer Rep. 595, and note ; *Webb v. Rome, W. & O. R. Co.*, 49 N. Y. 420 ; *Kellogg v. Chicago & N. W. R. Co.*, 26 Wis. 223 ; *Pittsburgh, C & St. L. Ry. Co. v. Jones*, 44 Amer. Rep. 334, and note ; *Henry v. Southern Pac. R. R.*, 50 Cal. 176 ; *Perry v. Southern Pac. R. R.*, Ib. 578 ; 2 Rorer R.R. 792 ; Cooley on Torts., 592 ; 1 Add. Torts, 356, page 368 ; *Piggot v. Eastern Counties Ry. Co.*, 3 C. B. 229 ; *Vaughan v. Taff Vale Ry. Co.*, 5 Hurl. & N. 679 ; *Flynn v. San Francisco & S. J. R. Co.*, 40 Cal. 18 ; *Cook v. Champlain Transp. Co.*, 1 Denio 91 ; *Philadelphia & R. R. Co. v. Hendrickson*, 80 Penn. St. 182 ; *Hewey v. Nourse*, 54 Me. 256 ; *Barnard v. Poor*, 21 Pick. 378 ; *Hart v. Western Ry. Co.* 13 Metc. 99 ; *Hooksett v. Concord R. R.* 38 N. H. 242 ; *Cleveland v. Grand Trunk Ry. Co.*, 42 Vt. 449.

The negligent failure to remove or destroy such dangerous combustible matter is always a question for the jury. When it is made to appear, by the plaintiff's testimony, that the fire originated from either of the causes mentioned in the statute,

the burden is then cast upon the company to show itself free from negligence in the matter.

Under the law, as thus construed, we proceed to consider the remaining assignments of error. Six relate to the quantity of grass and its condition upon the right of way, to the cinders emitted from the engine and their extent, and to the condition of the weather and direction of the wind on the day the fire occurred. We have examined the record carefully, together with the brief of the learned counsel for the defendant, and do not think any error was committed by the court in his rulings upon any of these questions.

Exception was taken by defendant's counsel to the refusal of the court to give each of the following three requests to charge:

"(1) If the jury find from the testimony in this case that the machinery, smoke-stack, and fire-boxes of the engines or locomotives, which passed over the defendant's road at the place where the fire is alleged to have occurred on the seventeenth day of July, 1884, were in good order and repair, and properly managed, and that defendant's right of way was free from deposits of old rubbish and combustible refuse matter at this point, except such as comes from the natural growth of grass along the right of way, and that defendant had not such notice of the existence of the fire, as would have given it an opportunity to prevent it from spreading to plaintiff's premises, or put it out, then and in such case the plaintiff cannot recover, even though the jury should find that the fire was started by sparks or cinders or otherwise from the defendant's engines or locomotives.

"(2) Neither the direction of the wind, nor the dryness of the season, has anything to do with the question in this case; and it will make no difference how strong, nor from which direction the wind blew, nor how dry the season, the plaintiff cannot recover in case the defendant's engines, and machinery, and smoke-stack, and fire-boxes, which passed over the place where the fire occurred, were in good order and properly managed, and that defendant had not sufficient notice to enable it to go upon the ground and prevent the fire from spreading beyond the limits of its right of way, even though the fire caught from one or more of such engines.

"(3) The defendant has shown, by proper testimony, what ones of its engines passed over its road at the place where

the alleged fire occurred, between the hours of twelve, noon, and 5 P. M., July 17, 1884, and that they were numbered, respectively, 21, 38 ,263. It is also in evidence that the said fire must have started about three o'clock of the same afternoon. The testimony also shows that the said engines 21, 38, 263 were in good order; that their smoke-stacks, fire-boxes, and machinery were each in good order and properly managed; and nowhere in the case is there testimony to contradict these propositions. Therefore the plaintiff cannot recover for any loss originating from fire started from any one or more of said engines."

We see no error in refusing either of these requests. The exception contained in the first request excludes from the consideration of the jury, such accumulations of combustible matter as come from the natural growth of grass, which is the very thing complained of, as causing the fire to spread to the plaintiff's premises, where the injury was done to his property.

The conditions of the elements mentioned in the second request are completely ignored. They necessarily enter largely into the consideration of the question, whether there was any negligence on the part of the defendant at all, and if so, the extent and degree of the same. It would be exceedingly difficult, I think, to find any negligence in not burning the accumulated grass and stubble from the right of way, if it were saturated with water; or, if the day the fire occurred, a rain-storm was in progress, to induce the belief that it spread to the field and barn of plaintiff.

The third request requires the court to pass upon the facts of the case as presented in the evidence. This would be an invasion of the province of the jury not warranted by the law.

But a single paragraph of the charge given by the court is excepted to, and in the view hereinbefore taken of the case the exception cannot be sustained. The charge as given by the court is clear, and correctly states the law applicable to the case as disclosed in the testimony, and the judgment must be affirmed.

The other Justices concurred.