(99 South. 82)

**SOUTHERN RY. CO. v. EVERETT et al.**
(1 Div. 289.)

(Supreme Court of Alabama. Jan. 24, 1924.
Rehearing Denied Feb. 16, 1924.)

**1. Railroads ☞456—Fire from combustibles on right of way renders negligence as to locomotive immaterial.**

Where fires start in combustible material on the right of way, the question of negligence in the equipment or operation of the locomotive is immaterial as affecting liability; the right to recover being based on negligence in permitting the combustible materials to accumulate and the fire to escape.

**2. Railroads ☞484(5)—Negligence in permitting combustibles on right of way question for jury.**

Whether a railroad is negligent in permitting combustible material to accumulate on its right of way is usually a question of fact for the jury.

**3. Railroads ☞480(1)—Burden of proving negligence in permitting spread of fire on plaintiff.**

Where plaintiff's property is injured by a fire having its origin in combustible material on defendant's right of way, or by a fire spreading from the right of way, the burden of proving negligence rests on plaintiff, and it was therefore error to charge that the burden was on the railroad to show that it was free from negligence in leaving combustible materials on its right of way at the point where the fire started.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by John Everett and Frank W. Boykin against the Southern Railway Company, for damages resulting from fire set out by a locomotive. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Smiths, Young, Leigh & Johnson, of Mobile, for appellant.

Where a count of the complaint charges negligence in the equipment, construction, and operation, conjunctively, of the engine, there is no presumption of negligence on the part of the railroad company. The burden is upon the plaintiff to affirmatively prove these allegations. Payne v. Hargrove, 206 Ala. 69, 89 South. 166; A. G. S. R. R. Co. v. Loveman, 196 Ala. 683, 72 South. 311; Miller-Brent Lbr. Co. v. Douglas, 167 Ala. 286, 52 South. 414; So. Ry. Co. v. Shelton, 136 Ala. 191, 34 South. 194; Tinney v. Cent. of Ga. Ry. Co., 129 Ala. 523, 30 South. 623. The mere fact that a fire was communicated to plaintiffs' property by grass accumulated on defendant's right of way does not make out a prima facie case of negligence. In such a case the burden of proof is not upon the defendant to show itself free from negligence

in permitting the accumulation of said dry grass on its right of way. G., C. & S. F. R. R. Co. v. Benson, 69 Tex. 407, 5 S. W. 822, 5 Am. St. Rep. 74; Bond v. C. & O. R. R. Co., 175 N. C. 606, 96 S. E. 22; Poe v. So. Ry. Co., 196 Ala. 105, 71 South. 997.

Gaillard, Mahorner & Arnold, of Mobile, for appellees.

Even though appellant satisfied the jury that its engine was properly constructed, equipped, conditioned, and operated, yet if the right of way at the time and place in question was very rough, with dry grass and dry straw, and its engine set fire to this grass and straw, and this fire was communicated to plaintiffs' timber, appellant is liable for the damage sustained by plaintiffs. So. Ry. v. Slade, 192 Ala. 570, 68 South. 867; Deason v. So. Ry., 186 Ala. 100, 65 South. 172; Central of Ga. R. R. Co. v. Robertson, 203 Ala. 358, 83 South. 102; L. & N. R. R. v. Miller, 109 Ala. 500, 19 South. 989; Ala. G. S. R. R. v. Davenport, 195 Ala. 368, 70 South. 674.

SAYRE, J. Action by appellees against appellant for damages caused by the negligence of defendant in setting out a fire along its right of way whereby plaintiffs' turpentine orchard was injured. Many errors are assigned, but we think only one of them requires special notice, the rest being without merit according to previous decisions of this court.

[1-3] Assuming, as sustained by well-developed tendencies of the evidence, that the fire was set out from defendant's locomotive, the evidence is without dispute that it started on defendant's right of way and spread over to plaintiffs' property. The cases sustain the proposition that, where fires start in combustible material permitted to accumulate on the right of way, the question of negligence in the equipment or operation of the locomotive is immaterial as affecting liability for "the right to recover is based on negligence in permitting the dry and combustible materials to accumulate and the fire to escape, and the establishment of negligence in that respect is sufficient to justify a recovery," and that "whether or not a company is guilty of negligence in suffering combustible material to accumulate on its right of way is usually a question of fact for the jury." 3 Elliott on Railroads (3d Ed.) § 1750. It is well settled that a railroad company must keep its right of way reasonably clear of dangerous combustible matter; and, if a fire occurs in consequence of a negligent failure so to do, and damage ensues therefrom to the property of another, the company will be liable therefor. Jones v. Michigan Central, 59 Mich. 440, 26 N. W. 662, where many of the authorities, English and

American, are collected. As to the burden of proof in such cases the authors, the Elliotts, say:

"Where a fire is caused by inflammable material on the right of way or by fire spreading from the right of way the authorities are pretty well agreed that the burden of proving negligence rests upon the plaintiff. In such cases it is but just that the burden should rest upon the plaintiff for the means of proof are as available to the plaintiff as to the defendant. The gist of the action in such cases is negligence in suffering the fire to escape and the burden of showing negligence in that respect rests upon the plaintiff." Id. § 1766.

The rule thus stated was quoted by this court with apparent approval in Alabama Great Southern v. Demoville, 167 Ala. 292, 306, 52 South. 406. It commends itself to reason, and accords with the general rule of law and justice, which places the burden of proof upon the party alleging negligence, unless, from necessity, damage by the act of defendant being shown, the burden of going forward with the evidence (Starks v. Comer, 190 Ala. 253, 67 South. 440) is shifted to the defendant having peculiar means of knowledge inaccessible to the plaintiff, as when property is fired directly by sparks emitted from an engine in the exclusive keeping and control of defendant, and the charge is that such engine was negligently constructed, equipped, or operated. This rule in the last-mentioned class of cases is stated in Louisville & Nashville v. Reese, 85 Ala. 497, 5 South. 283, 7 Am. St. Rep. 66; Louisville & Nashville v. Marbury, 132 Ala. 520, 32 South. 745, 90 Am. St. Rep. 917; Farley v. Mobile & Ohio, 149 Ala. 557, 42 South. 747; and other cases. See, also, Lawson v. Mobile Electric Co., 204 Ala. 318, 85 South. 257.

There was evidence to the effect that the fire which damaged plaintiffs' orchard was set out by defendant's train; that it started on the edge and top of the bank of a cut some six or eight feet deep, 12 or 15 feet from the track; that defendant's right of way extended 50 feet on either side of the center of its track; that the surface of the earth above the cut was rough, dry, and was incumbered with thick dry grass, pine straw, and rubbish. Very clearly, we think, it was for the jury to draw the conclusion whether, in the circumstances, defendant had been guilty of actionable negligence, of lack of due care, in permitting this condition of its right of way at the time and place in question, and an important rule to be observed by them in this connection related to the burden of proof—whether it rested upon plaintiffs or defendant.

On plaintiffs' request the court charged the jury as follows:

"B. The court charges the jury that, if they find from the evidence that the fire causing the damage to plaintiff's property, testified to by plaintiff's witnesses, was caused by sparks from a locomotive operated by the defendant railway company, then they must find for the plaintiffs unless they further find from the evidence that said defendant company has shown by the evidence that it is free from negligence in the construction, equipment, and operation of its locomotive, and is likewise free from negligence in leaving dry and inflammable materials on its right of way at the point where the said fire started."

That part of the charge which instructed the jury, in effect, that in the circumstances hypothesized the burden was upon defendant to show that it was "free from negligence in leaving dry and inflammable materials on its right of way at the point where the said fire started," was error. Most likely the court followed an expression in Deason v. Alabama Great Southern, 186 Ala. 103, 65 South. 172, now cited to this point by appellees. But the question now here was not presented by any aspect of the evidence in that case, and the expression was dictum; nor is it sustained by our cases, which, evidently, were cited to the fore part of the court's statement on the subject of the burden of proof in cases where fire is set out directly by sparks emitted from a locomotive, causing damage. This dictum was based on the text of 33 Cyc. 1361, 1362 where cases are cited; but examination of the cases, to wit, Pittsburgh, etc., R. R. v. Campbell, 86 Ill. 443, Missouri Pacific v. Merrill, 40 Kan. 404, 19 Pac. 793, and Jones v. Michigan Central, 59 Mich. 437, 26 N. W. 662, discloses the fact that all of them were controlled by statutes of their respective states. Such is not the law of this state.

No other error appears.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

### On Rehearing.

SAYRE, J. The statement in Deason v. Alabama Great Southern, supra, on the subject of the burden of proof in cases like this, was repeated in Southern Railway v. Slade, 192 Ala. 570, 68 South. 867, but hardly under circumstances to make it more authoritative than in the first-named case, as we find upon consulting the original transcript of the record on file in this court. On consideration that this question will recur, and that it should be decided on correct principle, the court adheres to the ruling expressed in its first opinion. Louisville & Nashville v. Miller, 109 Ala. 500, 19 South. 989, is also cited by appellees to this point. But, very clearly, the opinion in that case is inapt. It deals with the sufficiency of the complaint. But, while the question of the burden of proof was not at issue, the court was far from any expression in favor of appellees' contention. The court said that the

presence on the right of way of sufficient dry grass for ignition and communication of fire to adjacent property was evidence of negligence, for which the railroad company would be liable "if it was there in consequence of the .defendant's negligence"; and in Southern Railway v. Slade, supra, a case on all fours with this, the court held that defendant's liability was a question for the jury. For these reasons, thus briefly stated, the court is of opinion that the application for rehearing should be overruled.

Application overruled.

All the Justices concur.