(106 So. 807)
### PETTUS v. LOUISVILLE & N. R. CO.
(8 Div. 750.)

(Supreme Court of Alabama. Nov. 5, 1925. Rehearing Denied Jan. 21, 1926.)

**1. Railroads ⬳478(3)—Count for negligence in allowing sparks to set fire held sufficient.**

In action against railroad for burning of timber, count alleging that negligence in allowing sparks from locomotive to set fire to property contiguous to plaintiff's, which spread to plaintiff's property and injured it, was proximate cause of such injury, *held* sufficient against demurrer.

**2. Railroads ⬳478(4)—Count for negligence in permitting inflammable material on right of way held insufficient.**

In action against railroad for burning of timber, count alleging railroad negligently permitted inflammable material to remain on right of way, as proximate consequence of which fire was communicated to and injured plaintiff's property, *held* insufficient, since it did not aver that fire started on right of way nor connect railroad with fire's origin.

**3. Railroads ⬳482(2) — Circumstantial evidence held to show prima facie locomotive caused fire.**

In action against railroad for burning of timber, evidence, though circumstantial, *held*

sufficient to show prima facie that sparks from locomotive started fire.

**4. Railroads ⬸480(5)—To prove sparks from locomotive caused fire, plaintiff must negative evidence of proper construction and operation.**

In action against railroad for burning of timber, after plaintiff showed by circumstantial evidence that sparks from locomotive started fire, testimony of railroad showing proper construction, equipment, repair, and operation cast on plaintiff further burden to contradict such proof in order to keep such issue before jury.

**5. Appeal and error ⬸1058(3)—Error in excluding evidence in showing condition of wells held cured by other evidence.**

In action against railroad for burning of timber, error in excluding evidence of condition of wells and branches was cured by testimony of many witnesses that land, wells, and branches were dry at time.

**6. Appeal and error ⬸1058(2)—No injury resulted from refusal to allow answer to question, when it was subsequently answered.**

In action against railroad for burning of timber, refusal to allow witness to state whether fire burned on land between railroad and plaintiff's timber did not injure plaintiff, where question was subsequently answered.

**7. Witnesses ⬸37(1)—Refusal to allow witness, who did not see fire start, to state where it started, held proper.**

In action against railroad for burning of timber, it was not error to refuse to allow witness, who did not see fire start, to answer question as to where fire started, when he was permitted to say where he first saw signs of burning.

**8. Evidence ⬸502—Statement on cross-examination as to extent of fire held proper.**

In action against railroad for burning of timber, where witness had stated that 3 or 4 acres had been burned an hour and a half after train had passed, his statement, on cross-examination, that speed of wind and fire would determine whether such fire would burn more than 3 or 4 acres in an hour and a half was properly allowed.

**9. Appeal and error ⬸1058(2)—Plaintiff held not injured by refusal to allow witness to state market value of land before injury.**

In action against railroad for burning of timber, plaintiff was not injured by refusal to allow witness to state market value of land before timber was destroyed, when such witness thereafter testified as to reasonable market value of the land before and after damage in his judgment, in view of Code 1923, § 7656.

**10. Witnesses ⬸37(1)—Extent of fire could be stated by section foreman who visited scene on following day.**

In action against railroad for burning of timber, on cross-examination by defendant of section foreman who had been at scene of fire on day after it occurred, it was proper for him to state where fire had burned.

**11. Evidence ⬸471(2)—Witnesses ⬸236(1), 240(4)—Question relative to burning of grass on railroad track held properly excluded as argumentative and leading, calling for conclusion.**

In action against railroad for burning of timber, on redirect examination of section foreman by plaintiff, question, "If you had not been burning off the grass and weeds on the track that was there at that time, on the right of way, up on the bank, it was still there?" was properly excluded as argumentative and leading, calling for a conclusion.

**12. Witnesses ⬸240(5)—Question relative to testimony at former trial held leading.**

In action against railroad for burning of timber, in examination of section foreman by plaintiff, question, "Is it a fact that you testified at former trial that you could not burn it off until you got the wind exactly right?" *held* leading, where plaintiff did not state it was asked to refresh memory of witness.

**13. Witnesses ⬸245 — Objection to question whether fire was one that burned certain fences properly sustained.**

In action against railroad for burning of timber, objection to question whether fire was one that burned certain fences, asked by plaintiff of his witness, was properly sustained, where such witness had already fully answered the question according to his best recollection and judgment.

**14. Witnesses ⬸240(5), 380(5)—Question as to whether witness had admitted place where fire started held properly excluded as leading and attempted impeachment of party's own witness.**

In examination by plaintiff of his witness, in action against railroad for burning of timber, question as to admission in conversation that fire started on right of way *held* properly excluded as leading and attempted impeachment of his own witness.

**15. Appeal and error ⬸1058(2)—No injury in sustaining objection to question answered immediately thereafter.**

In action against railroad for burning of timber, there was no injury in sustaining objection to plaintiff's question to his witness as to whether latter's son made statement regarding fire as soon as train passed, where witness answered it immediately after court's ruling.

**16. Witnesses ⬸247—Testimony stating witness's best recollection and not guess held admissible.**

Where, in action against railroad for burning of timber, witness, answering question as to whether right of way had been burned, said, "I think it was," such answer *held* admissible, as he did not intend to guess or surmise but gave best recollection.

**17. Railroads ⬸481(1)—Evidence of measurement of distance from fire to track held admissible.**

In action against railroad for burning of timber, where question of whether fire started on right of way was in dispute, it was proper for witness to testify as to his measurement of dis-

---

⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tance from center of track to point where fire came nearest to railroad.

**18. Evidence ☞195—Witnesses ☞252—Model of engine passing before fire and explanation thereof held proper as evidence.**

In action against railroad for burning of timber, where it was shown that certain engine passed just before fire commenced, it was not error to admit in evidence model of that engine and to allow witness to explain it.

**19. Appeal and error ☞1058(1)—Exclusion of testimony as to distance from track at which fire started held not error.**

In action against railroad for burning of timber, exclusion of testimony as to distance from track at which fire started *held* not error, in view of other similar evidence already admitted.

**20. Trial ☞62(2)—Witness called in rebuttal held confined to rebuttal testimony.**

In action against railroad for burning of timber, where plaintiff's witness was being examined in rebuttal, his testimony as to distance from track at which fire started was inadmissible, not being in rebuttal of anything brought out by defendant.

**21. Railroads ☞481(1)—Evidence of negotiations with railroad after fire held inadmissible.**

In action against railroad for burning of timber, in which plaintiff first heard of fire 10 months after it occurred, court did not err in refusing to permit him to testify that, as soon as he learned of damage, he took matter up with defendant.

**22. Railroads ☞485(3)—Instruction on burden of proof of negligence causing fire held proper.**

· In action against railroad for burning of timber, court's charge that plaintiff must show that defendant either set the fire through negligence, or that fire originated on right of way at place where dry leaves or grass had negligently been allowed to remain, *held* proper.

**23. Railroads ☞485(4)—Instruction on place of fire's origin held proper.**

In action against railroad for burning of timber, where plaintiff averred that fire started on right of way, but there was conflicting evidence as to place of its origin, it was proper to instruct jury to find for defendant, if they believed fire did not start on right of way.

**24. Trial ☞312(3)—Additional oral charge to jury in absence of plaintiff's counsel held proper.**

Where plaintiff's counsel, after case had gone to jury, left town, telling client to employ certain other counsel if occasion should arise, and later court gave additional oral charge to jury, while plaintiff and such other counsel were in courtroom, such charge was proper; plaintiff not being barred from prosecuting his cause in violation of Const. 1901, § 10.

**25. Appeal and error ☞1078(1)—Assignments of error, not argued in appellant's brief, considered waived by Supreme Court.**

Assignments of error, not argued in appellant's brief, are considered waived by Supreme Court.

**26. Appeal and error ☞1170(3)—Error in sustaining demurrer to count harmless, where cause fully presented under other counts.**

Error in sustaining demurrer to amended count *held* not prejudicial, in view of Supreme Court rule 45, when full presentation of plaintiff's cause of action was had under other counts.

Appeal from Circuit Court, Limestone County; J. E. Horton, Judge.

Action for damages by J. A. Pettus against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

These charges were given at defendant's request:

"(18) The court charges the jury that the burden of proof is on J. A. Pettus, the plaintiff, to show to your reasonable satisfaction that defendant either set out the fire by reason of negligence of its agents, servants, or employees, or that the fire originated on the right of way of defendant, at a place where dry leaves or grass had been allowed to remain, and that such leaves or grass had remained on the right of way by reason of the negligence of defendant, its servants, agents, or employees.

"H. I charge you that, if you believe from the evidence that the fire in this case did not ignite (that is, start) on the right of way, then you must find you verdict for the defendant.

Erle Pettus, of Birmingham, for appellant.

Counts 3 and 4 stated a good cause of action. L. & N. v. Marbury Lbr. Co., 125 Ala. 237, 28 So. 438, 50 L. R. A. 620; A. G. S. v. Taylor, 129 Ala. 238, 29 So. 673; L. & N. v. Frazier, 194 Ala. 332, 70 So. 90; Sou. Ry. v. Everett, 211 Ala. 61, 99 So. 82. The condition of the wells and branches at the time was competent. E. T. R. Co. v. Lockhart, 79 Ala. 315. Likewise that the fire seen by witness Reyer burned on the Arnett place. L. & N. v. Lynne, 199 Ala. 631, 75 So. 14. It was error to exclude the evidence offered by witness Dugger. Smith v. Bachus, 195 Ala. 8, 70 So. 261; Stouts Mt. Coal Co. v. Tedder, 189 Ala. 637, 66 So. 619; C. of G. v. Jones, 170 Ala. 611, 54 So. 509, 37 L. R. A. (N. S.) 588. Witness Devore should not have been permitted to testify where the fire had burned. C. of G. v. Jones, supra. This witness should have been permitted to testify that grass and weeds would have remained, if he had not burned them off. Atlanta Ry. v. Fowler, 192 Ala. 373, 68 So. 283. It was competent to show by this witness what he had testified on a former trial. Jebeles Con. Co. v. Booze, 181 Ala. 456, 62 So. 12. Also whether or not the fire was the same that burned on the Arnett place. L. & N. v. Lynne,

supra. It was error to permit this witness to testify, "I think," etc. Bachelder v. Morgan, 179 Ala. 339, 60 So. 815, Ann. Cas. 1915C, 888. There was error in rulings on the evidence offered by the witness Delap. L. & N. v. Pearson, 97 Ala. 211, 12 So. 176; Gandy v. Humphries, 35 Ala. 617; Bessierre v. A. C. G. & A., 179 Ala. 317, 60 So. 82; T. C. I. Co. v. Kelly, 163 Ala. 348, 50 So. 1008; L. & N. v. Landers, 135 Ala. 504, 33 So. 482; Reeves v. State, 96 Ala. 33, 11 So. 296; Weller & Co. v. Camp, 169 Ala. 275, 52 So. 929, 28 L. R. A. (N. S.) 1106; Brandon v. Progress Dist. Co., 167 Ala. 365, 52 So. 640. It was error to give the affirmative charge as to counts 6 and 7, and charge H. Deason v. A. G. S., 186 Ala. 104, 65 So. 172; A. G. S. v. Stewart, 15 Ala. App. 467, 73 So. 827; Sou. Ry. v. Everett, 211 Ala. 61, 99 So. 83. Plaintiff's motion for a new trial should have been granted. Feibelman v. Manchester F. I. Co. 108 Ala. 181, 19 So. 540; McLain v. State, 15 Ala. App. 26, 72 So. 511; Kuhl v. Long, 102 Ala. 569, 15 So. 267.

J. G. Rankin and W. T. Sanders, Jr., both of Athens, for appellee.

It is not error to sustain an objection to a question, the relevancy of which is not apparent, and when the court is not informed of its relevancy. Smith v. Bachus, 195 Ala. 8, 70 So. 261; 3 C. J. 740. An objection to a question should be followed up by motion to exclude. 2 Cyc. 721; 3 C. J. 742; 2 Cent. Dig. (Ap. & Er.) § 1509. Error in sustaining an objection is cured, when the witness it afterward permitted to testify to the same fact. Harvey v. Bodman, 212 Ala. 503, 103 So. 569. Plaintiff's prima facie case being met by defendant's evidence, the plaintiff must produce evidence of negligence. L. & N. v. Davis, 200 Ala. 219, 75 So. 977; Poe v. Sou. Ry., 196 Ala. 103, 71 So. 997. There was no error in giving explanatory instruction to the jury in the absence of counsel. McNeil v. State, 47 Ala. 498; Feibelman v. Manchester Co., 108 Ala. 180, 19 So. 540; Kuhl v. Long, 102 Ala. 563, 15 So. 267; 38 Cyc. 1865.

MILLER, J. This is a suit by J. A. Pettus against the Louisville & Nashville Railroad Company, a corporation, for damages to his timber lands, caused from fire alleged to have been set by sparks from the engine of the defendant, or that it negligently allowed grass, weeds, or inflammable material to accumulate and remain on its right of way and that fire originated thereon, and by this material was communicated to plaintiff's timber lands, causing the damage.

The cause was tried by a jury. They returned a verdict in favor of the defendant, and, from a judgment thereon by the court, this appeal is prosecuted by plaintiff. Demurrers were sustained to counts 1, 2, 3, as amended, and 4, and overruled to counts 5, 6, 7, 8, and 9.

[1] The appellant insists the court erred in sustaining demurrers to counts 3, as amended, and 4. Count 3, as amended, avers in part as follows:

"That defendant's said negligence consisted in this, namely, defendant's servants or agents so negligently conducted themselves in or about the management, operation, control, or equipment of defendant's said locomotive that sparks were caused to come or be thrown from same, thus negligently setting fire to property contiguous to plaintiff's said property, and which fire was communicated to plaintiff's said property, burning, injuring, and destroying the same, and plaintiff avers that said damage and injury was proximately caused by the negligence of defendant as aforesaid."

This count as amended is sufficient, and is not subject to the grounds of demurrer assigned to it; and the court erred in sustaining the demurrer. L. & N. R. Co. v. Marbury Lbr. Co., 125 Ala. 237, headnotes 1, 2, and 3, 28 So. 438, 50 L. R. A. 620; A. G. S. R. R. v. Taylor, 129 Ala. 238, headnote 1, 29 So. 673; Southern Ry. Co. v. Everett, 211 Ala. 61, 99 So. 82.

[2] Count 4 charged substantially that the defendant negligently caused or permitted inflammable material, such as grass and leaves, to remain on its right of way, as a proximate consequence of which negligence fire was communicated to the said property of plaintiff, thereby burning, injuring, and damaging it. This count fails to state the fire occurred in consequence of this negligence. It avers no facts connecting the defendant with the origin of the fire, and fails to aver it originated on the right of way. The demurrer to this count was properly sustained by the court. Southern Ry. Co. v. Everett, 211 Ala. 61, 99 So. 82.

Count 5 was based on defendant's negligently permitting inflammable material to remain on defendant's right of way, and the fire originated thereon, and was communicated by this material to plaintiff's property. Count 6 charges the fire was caused by sparks from the engine of defendant. Count 7 charges the fire was caused by sparks from the engine. Count 8 charges the fire originated on defendant's right of way, where defendant had negligently permitted this inflammable material to remain. Count 9 charges the fire originated on defendant's right of way, where defendant negligently failed to keep it reasonably clear of dangerous inflammable material.

[3, 4] The defendant pleaded general issue to counts 5, 6, 7, 8, and 9. The defendant requested, and the court gave, two written charges, one as to count 6 and the other as to count 7; each was the general affirmative charge with hypothesis in favor of the defendant as to these counts. The court did not err in giving these charges as to these counts. There was evidence tending to show that the fire was seen on or near the right

of way of defendant soon (few minutes) after its train had passed. The right of way had dry grass and weeds thereon which communicated the fire to lands of plaintiff and injured the timber. The locomotive was going up grade, near where the fire originated and was emitting large volumes of smoke. No one was seen near the place of the fire at or before it originated. There was sufficient circumstantial evidence to show prima facie that the fire was due to sparks from this passing engine of the defendant. Deason v. A. G. S. R. R. Co., 186 Ala. 104, 65 So. 172. This made out a prima facie case for plaintiff under these counts numbered 6 and 7, and cast on the defendant the duty to show proper construction, equipment, repair, and operation of this engine. These the defendant showed by its evidence. This then cast on plaintiff the further burden to offer some evidence contradictory of such proof. To keep the case before the jury on these counts, it was necessary for the plaintiff to introduce some evidence negativing that evidence of the defendant; and this he failed to do, which justified the court in giving these charges as to these counts. Wilson Bros. v. M. & O. R. R., 207 Ala. 171, 92 So. 246; A. G. S. R. R. v. Davenport, 195 Ala. 368, 70 So. 674, and authorities there cited; L. & N. R. Co. v. Davis, 200 Ala. 219, 75 So. 977.

[5] It is true the court would not at first permit the witness Boyd White to state the condition of the wells and branches as to water at the time and place of the fire. This was a relevant circumstance to show whether the grass and weeds there were wet or dry—whether they would readily burn from sparks. But this error was cured by testimony of many witnesses, practically without conflict, that there had been a long drought preceding the time of the fire in that community, and the land, wells, and branches were dry at the time. Harvey v. Bodman, 212 Ala. 503, 103 So. 569.

[6] Reyer was asked by plaintiff if the fire burned on Arnett's place. The court at first did not allow him to answer. Arnett's place was between the place where the fire originated and the place of plaintiff. The court afterwards allowed him to testify "the fire got on his [Arnett's] place," burned his woods, and his woods join Mr. Pettus' (plaintiff's) woods. The plaintiff was not injured by this ruling of the court. The question was afterwards answered by the witness. Harvey v. Bodman, 212 Ala. 503, 103 So. 569.

[7, 8] Duggar, witness for plaintiff, was asked by him "where the fire started." The witness did not see the fire when it started, and the court would not permit his answer to it, "Yes, sir," to remain in evidence, but permitted him to state:

"He first saw the signs of the burning 25 or 30 feet from the track. * * * It caught about 25 or 30 feet from the track."

The plaintiff cannot justly complain at this ruling of the court. He further testified two weeks before the fire there was dry broomsage and leaves on the right of way of defendant near where this fire was burning. It had burned about 70 or 100 yards when he saw the fire. This witness on cross-examination testified:

"That was an hour or an hour and a half after the train passed that I saw the fire. I don't think it had burned over 3 or 4 acres when I saw it. The fire was going northwest."

The witness was then asked on cross-examination:

"Then, if that fire had been burning an hour or an hour and a half, it would not burn more than 3 or 4 acres?"

The court, over objection of plaintiff, permitted him to answer the question, and he stated:

"Depends on just how fast it is burning, how high the wind is blowing."

The court refused the motion of the plaintiff to exclude the answer. This was on cross-examination of plaintiff's witness, and much latitude therein must be left to the sound discretion of the trial court, subject to review for abuse thereof. The plaintiff was not injured by it. We cannot place the court in error in these rulings. 12 Michie Dig. 1211, § 188, cross-examination.

[9] Carpenter, witness for the plaintiff, was asked the following question by plaintiff, to which the court sustained the objection of defendant:

"What was the reasonable market value of plaintiff's land that was burned before the timber was destroyed?"

If the court erred in this ruling, the plaintiff was not injured, for almost immediately thereafter the plaintiff proved by him that in his judgment the reasonable market value of that land before the damage by the fire was $50, and its reasonable market value after the damage was done, after the fire, was $30. Authorities supra. Our statute (section 7656, Code 1923) expressly declares direct testimony as to the market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion.

[10, 11] Devore, witness for the plaintiff, testified he was section foreman of defendant at Thatch in November, 1922, at the time of the fire in question. He stated the width of the right of way at the place near where the fire occurred. On cross-examination, he stated he was at the place of the fire Monday after it occurred, and in his best judgment the right of way had been cut down and burned by defendant prior to the fire in question. Defendant asked him the following question, over objection of plaintiff: "Where

had the fire burned?" He answered, "It burned over some beyond the right of way; I believe it was Johnnie Arnett's property." The fire in question was on Sunday afternoon. The witness was there Monday. He was section foreman of defendant. He saw where the fire had burned, and the court did not err in allowing him to answer the question. It was a material fact, which he could see and tell. The court did not err in sustaining objection of defendant on redirect examination of this witness by plaintiff to this question:

"As a matter of fact, if you had not been burning off the grass and weeds on the track that was there at that time, on the right of way, up on the bank, it was still there?"

This was a leading, argumentative question, calling for a conclusion or opinion of the witness, and he was plaintiff's witness, and the court did not err in sustaining the objection of the defendant to the question. Authorities supra.

[12] The plaintiff tried, but the court would not permit him, to ask this witness Devore the following question:

"Isn't it a fact that you testified on the former trial that you could not burn it off until you got the wind exactly right?"

[13] He had testified that he had cut and burned off the right of way, in his best judgment, prior to this fire in question. He was plaintiff's witness. This question was leading in its nature. The plaintiff did not state to the court it was asked to refresh the recollection of his witness; and on its face it appeared as a predicate to impeach his own witness, and for these reasons the court did not err in sustaining defendant's objection to it. Griffin v. Wall, 32 Ala. 149; Upson v. Raiford, 29 Ala. 188; Schieffelin v. Schieffelin, 127 Ala. 14, 35, headnote 7, 28 So. 687. The plaintiff asked his witness Devore the following question:

"I will ask you this, whether it [the fire] was or was not the one that burned Arnett's fence that fall?"

Defendant's objection was sustained by the court to this question. This witness had previously testified for plaintiff to his questions that—

"The same fire in November, 1922, may have been the same fire that burned Arnett's fence, Arnett's land and Delap's, I am not positive. I don't know that it was. I do not know positively that it was the same fire or not. I do not keep days on none of these fires."

[14] The court did not err in this ruling. The witness had already fully answered the question for the plaintiff according to his best recollection and judgment. The court sustained the objection of defendant to this question by plaintiff to his witness Devore:

"I will ask you this, in conversation with Arnett, didn't you admit the fire that burned Arnett's fence started on the right of way?"

The question is leading, he is plaintiff's witness, plaintiff did not state to the court it was asked to refresh the recollection of the witness, and it appears on its face as an attempt to lay a predicate to impeach his witness; and the court will not be placed in error for sustaining defendant's objection to it. Schieffelin v. Schieffelin, 127 Ala. 14, 35, headnote 7, 28 So. 687, and authorities supra.

[15-17] The court sustained defendant's objection to this question propounded by plaintiff to his witness Delap:

"As soon as the train passed he [son of witness] got up and made statement about the fire down there?"

Whether this was a proper question we need not discuss and decide, for the witness, immediately after the court ruled on it, answered it, stating to the jury:

"I don't think that he did call my attention to the fire right straight while the train was in sight, don't recollect whether he did or not."

The court permitted defendant to ask Delap, its witness, over plaintiff's objection:

"Do you know whether the right of way had been burned that time by the fire that fall? * * * What is your best judgment?"

And he answered:

"I think it was."

It clearly appears the witness intended by this answer not to guess or surmise, but to give his best recollection, and the court did not err in overruling the objection to the question or in overruling the motion to exclude the answer of the witness. Bachelder v. Morgan, 179 Ala. 339, headnote, 60 So. 815, Ann. Cas. 1915C, 888. The court did not err in permitting witness Delap, for defendant to testify that he measured the distance from the center of the track to the point where the fire came nearest to the railroad, and it was 58 feet from the center of the track, and how it was measured. It was in dispute from the evidence whether the fire started on or off of the right of way. This was relevant evidence under the issues in the case. His testimony indicated it was not on the right of way of the defendant at that point. The counts in the complaint on which issue was joined and which were submitted by the court to the jury allege the "fire originated on or upon the defendant's right of way." This made this testimony material under the pleading, and the question was in dispute from the testimony whether the right of way was burned by the fire at this point.

[18] There was evidence that the engine No. 210 passed on the track of defendant

just before the fire commenced, and the court did not err in admitting in evidence a model of that engine, and allowing witness to explain it. There was evidence that it was of the type practically of engine No. 210. This testimony tended to show how the engine was constructed and equipped, which was material under the pleading. Authorities supra.

[19, 20] The court cannot be placed in error for refusing to allow plaintiff to prove by Walsh, his witness, that Reyer, also his witness, pointed out and told him the place where the fire started, and it was 26½ feet from the center of the track, because this witness had already testified without objection that Bill Delap told him the fire started on the right of way, and Reyer, witness for plaintiff, had testified the fire looked to be about some 12, 15, or 20 feet west of the cut, west of the edge of the bank, which would place it on the right of way of defendant. There was much testimony already pro et con before the jury on this subject—that of plaintiff tending to show the fire commenced on, and that of the defendant off of, the right of way. Curry, witness for plaintiff, measured this distance from the center of the track to the place pointed out by Reyer, and he and Brown, witness for plaintiff, had testified it was 25½ feet. This witness, Walsh, was being examined on rebuttal to testimony of defendant,' and this evidence was not in rebuttal of anything brought out by defendant in its testimony.

[21, 22] The plaintiff testified it was about 10 months after the fire when he first heard of it. The court did not err in refusing to permit him to testify as soon as he learned of the damage to his timber from this fire that he took it up with the defendant. This would have shed no light on the issue in this case. The court did not err in giving written charge 18 under the issues formed under the counts of the complaint. It does not misstate the burden of proof or the law on the issues presented by the pleadings. Southern Ry. Co. v. Everett, 211 Ala. 61, 99 So. 82, and authorities supra.

[23] Written charge H, requested by the defendant, was properly given by the court. The court gave the several affirmative charges in favor of defendant as to counts 6 and 7. This left counts numbered 5, 8, and 9, which were submitted by the court to the jury, and each clearly avers as a fact that the fire originated on the right of way. This was a material fact put in issue by the plea to these counts; and this charge was properly given by the court under the averments in these counts, and the conflicting testimony in the case thereon.

[24] The plaintiff insists the trial court erred in overruling his motion for new trial, on the ground stated therein that the court erred "in giving the jury an additional oral

214 ALA.—13

charge, in the absence of plaintiff's counsel, and without giving plaintiff an opportunity to be represented by counsel upon the giving of such additional charge." The cause was submitted to the jury after the general oral charge of the court about 11 o'clock a. m., and they retired to consider their verdict. The plaintiff had only one attorney in the trial of the cause. He resided in Birmingham, and was at Athens for the trial of this case. After the jury retired, plaintiff's attorney stated to the trial judge that the case was finished, nothing remained to be done but to receive the verdict, and, on account of urgent business, he was compelled to leave for Birmingham at once, and he did leave between 1 and 2 o'clock p. m., in an automobile, and was between Athens and Birmingham on his way home when the jury were given additional instructions by the court on the law of the case. Before leaving Athens, he informed his client, plaintiff, of his intentions to leave, and told him to speak to Hon. Fred Wall, an attorney in Athens, to represent him in the case in event it became necessary, and that he did not think it would be necessary. The following additional facts were submitted as part of the evidence on this motion by agreement of the parties:

"That the jury came in and called for additional instructions about 3 o'clock p. m., and that the plaintiff himself was in the courtroom, and that nothing was said to him by the court, and plaintiff was not advised by the court of the purpose to give additional instructions, and that Fred Wall was also present in court at the time of the additional instructions."

It is true, in Feibelman v. Manchester Fire Assur. Co., 108 Ala. 181, 19 So. 540, the principle declared in the opinion of the court is thus stated in the headnote numbered 9:

"After the retirement of the jury, it is improper for the court to give them further, or explanatory, instructions, in the absence of counsel without notice or excuse for not giving it, and injury therefrom will, as matter of law, be conclusively presumed."

Justice Coleman in discussing this subject in Kuhl v. Long, 102 Ala. 569, 15 So. 269, wrote for this court:

"We would not be understood as holding that counsel may absent themselves intentionally, and thus interfere with the administration and dispatch of business. Such is not our ruling. Here the jury had been charged and retired. Counsel for the defendant had the right to presume the instructions to the jury were completed, and that none others would be given without notice to him. If the court had caused counsel to be called, or otherwise exercised proper diligence to have him notified to attend, we would not say the court should unreasonably delay the jury or the termination of the cause, on account of the absence of counsel. All the evidence is set out in the bill of exceptions, and

it shows that, upon the return of the jury into court for further instructions, the court proceeded to charge them orally, in the absence of counsel, and there is no evidence to show that any attempt was made to notify counsel."

Here the attorney intentionally absented himself from court, with no intent to return, and went to Birmingham. He informed the court of his intentions. Notice to him of the intent of the court at 3 o'clock p. m. to further instruct the jury at their request would have been futile and useless. The court knew he could not be notified within a reasonable time. Before leaving, the attorney notified his client, appellant, of his intention to leave and directed him to employ Mr. Wall, if he (plaintiff) needed an attorney. The plaintiff and Mr. Wall were present in court when the jury called for, and when the court gave them, additional instructions as to the law of the case. The court knew plaintiff's attorney could not be notified and could not be present when the additional instructions were given the jury without unreasonably delaying the jury. They would have to wait for him to return from Birmingham after notice. The plaintiff was present in court when the jury called for, and when the court gave, the additional instructions. Mr. Wall, the attorney, recommended to the plaintiff by his attorney to be employed, if necessary, was in court at the time. His services could have been easily secured by plaintiff to represent him, if he was not already representing him. There is no evidence as to whether Mr. Wall was or was not representing him. The plaintiff was deprived of no constitutional right by this action of the court. He was not barred from prosecuting his cause by himself or counsel. He was in court at the time. Section 10, Constitution of Alabama 1901.

Under the circumstances, as shown by the testimony on this motion, we cannot place the trial court in error for giving the jury additional instructions during the voluntary absence, with no intent to return, of appellant's counsel who tried the case, when appellant and the attorney recommended to him were present in court at the time. The trial court did not err in refusing to grant the motion for new trial. Authorities supra.

[25] There are 43 errors assigned. We have considered the ones argued in brief of appellant. Assignments of error not argued in brief of appellant are considered waived by this court. Marengo County v. Barley, 209 Ala. 663, headnote 4, 96 So. 753.

[26] The error of the court in ruling on demurrers to count 3, as amended, after an examination of the entire cause, does not appear to have probably injuriously affected the substantial rights of appellant. He had full benefit of that presentation of his cause under counts 6 and 7, and the judgment will be affirmed. Supreme Court rule 45, vol. 4,

Code 1923, p. 895, and authorities there cited. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.