(118 So. 680)

**SOUTHERN RY. CO. v. JOHNSTON.**
**(2 Div. 394.)**

Court of Appeals of Alabama. Oct 30, 1928.

Rehearing Denied Nov. 20, 1928.

E. S. Jack, of Greensboro, and Pettus, Fuller & Lapsley, of Selma, for appellant.

Joseph H. James, of Greensboro, and H. A. & D. K. Jones, of Tuscaloosa, for appellee.

RICE, J. The cause was tried upon counts 1 and 4, and count 5 as amended, and the general issue. To each of said counts the defendant demurred, and the rulings of the trial court overruling demurrers to these counts are first assigned as error.

Count 1 is very general, alleging merely that "defendant did, on to wit, the 26th day of November, 1926, negligently set fire to, and burn, to wit fifteen tons of hay, and fifteen acres of grass and ninety-three fence posts, the property of the plaintiff."

The substance of count 4 is "that defendant negligently suffered combustible materials, or combustible vegetation, to remain on its said railroad right of way, and that the said combustible materials, or combustible vegetation were on the said railroad or railroad right of way of the defendant on the said 26th day of November, 1926; * * * that fire escaped from the said locomotive of the defendant so operated over and along its said railroad on said date and said fire ignited said combustibles and did spread to and burn" the property heretofore described; "and that the said property of the plaintiff was so burned by reason of the negligence of the defendant in suffering said combustile materials or combustible vegetation to remain on its said railroad or railroad right of way.

These grounds of demurrer were leveled against said counts: (1) Said complaint fails to show any duty owing by the defendant to the plaintiff, or a violation thereof; (2) said complaint fails to show any negligence or misconduct of defendant was the proximate cause of the injury complained; and (3) said complaint fails to state a cause of action.

A count in substantially the same language as count 1 in this case was held good in Louisville & Nashville R. Co. v. Marbury L. Co., 125 Ala. 241, 28 So. 438, 50 L. R. A. 620, after a full discussion. Separate discussion here of the count would be a work of supererogation. On authority of the opinion in the just-mentioned case, we hold the trial court properly sustained count 1 against the demurrer.

The right of recovery on account of fire resulting from the negligence of a railroad company in permitting dry and combustible materials to accumulate on its right of way and fire to escape—irrespective of negligence in the equipment and operation of the locomotive—has been long established and repeatedly affirmed in this state. Louisville & Nashville R. Co. v. Miller, 109 Ala. 500, 19 So. 989; Southern R. Co. v. Dickens, 161 Ala. 144, 49 So. 766; Southern R. Co. v. Slade, 192 Ala. 568, 68 So. 867; Southern R. Co. v. Everett, 211 Ala. 61, 99 So. 82. There was no error in overruling the demurrer to count 4.

Amended count 5 alleges that plaintiff's property was destroyed by sparks emitted from the engine or locomotive operated by the defendant, and that said fire was communicated from said engine or locomotive to said property through the negligence of the defendant, its servants or agents, operating or in charge of said engine, acting within the line and scope of their employment. The demurrer to this count takes the point that it shows no causal connection between the negligence averred and the damage complained of. There is no merit in this objection. The count cannot be read to any other effect than alleging the destruction of plaintiff's property by sparks negligently communicated from defendant's locomotive to plaintiff's property.

Charges A, B, and C—so denominated by us—were given at the request of the plaintiff; but the trial court, of its own motion, gave oral explanatory instructions to the jury following the reading of each of said charges.

These charges and explanatory instructions are as follows:

A. "The Court charges the jury that you are not bound to accept as conclusive the statements of defendant's witnesses to the effect that defendant's engine was in good order, properly constructed, or carefully and skillfully operated, when it passed by Rosemary crossing some minutes prior to the discovery of the fire, although there be no direct evidence contradicting such statements."

The court thereupon gave to the jury the following oral charge explanatory to the last above mentioned charge, namely:

"And I likewise charge you that you are not bound to believe the testimony of any of the plaintiff's witnesses; that is a matter as to belief that goes to you; whom you believe and what you believe.

"The law says that you cannot capriciously reject the testimony of any witness, but at the same time the law says that you are the sole judge of the credibility of the witnesses. No other man and no other power has the right to interfere with you in your deductions along that line."

B. "The Court charges the jury that if it be a fact shown in this case that the railroad company permitted dry grass to be and remain on its right of way, liable to be ignited by sparks from its engine then I charge you that this fact may be looked to by the jury to determine whether the railroad company was guilty of negligence."

The court thereupon gave to the jury the following oral explanatory charge explaining the charge next hereinabove set out, namely:

"That may be negligence. It may be negligence for it to grow up in grass and be combustible; but that negligence must have a direct connection with the injury complained of. In other words, gentlemen of the jury, suppose it

allowed its right of way out there to grow up in grass and I went below there and threw out sparks. The fact that it had grass up there and was guilty of negligence at that point would not make it liable for my negligence down there. There must be a causal connection between the dry grass—negligently leaving that dry grass upon the right of way and the injury complained of."

C. "The Court charges the jury that if it be a fact shown in this case that the railroad company permitted dry grass to be and remain on its right of way, liable to be ignited by sparks from its engine then I charge that this was negligence on the railroad company."

The court thereupon gave to the jury the following oral charge, explanatory to the written charge next hereinabove set out, namely:

"What I said a while ago applies to that. Guilty of such negligence as proximately contributed to the injury complained of."

The propriety vel non of neither of said charges, ipsissimis verbis, is presented. Each was so qualified as to remove any objectionable feature. Defendant had, through the voluntary action of the court, more than it would have been entitled to request. Answering the argument of appellant's brief as to charge A, viz., that it invades the province of the jury by assuming as a fact that the fire was *discovered after* defendant's train had passed the named crossing, we find in the bill of exceptions no testimony seriously disputing the fact that the *discovery* of the fire —not its cause or time of origin—was made after the train had passed. Moreover, the charge has had approval in terms by the Supreme Court in Louisville & Nashville R. Co. v. Sherrill, 152 Ala. 213, 44 So. 631. Here, as in the Sherrill Case, there was evidence contrary to the testimony of defendant's witnesses with respect to the equipment and operation of the engine—evidence that live coals or cinders fell from the engine as it traveled along; that live coals were found on the track after the passage of the train; and that fire was set up in the dry grass present on the track and right of way.

As bearing upon charges B and C, given for plaintiff, we are cited to the cases of Louisville & Nashville R. Co. v. Miller, 109 Ala. 500, 19 So. 989, and Southern R. Co. v. Everett, 211 Ala. 61, 99 So. 82, among others. The charges here considered are exact copies of plaintiff's given charges 5 and 7, reproduced in the report of the Miller Case, of which the Supreme Court there said: "The charges given for the plaintiff are all in consonance with the view of the law we have indicated" (page 507, of 109 Ala. [19 So. 992]), and "The court did not err in giving any of the charges requested by plaintiff" (page 508 of 109 Ala. [19 So. 993]). Even if it be said that the Miller Case was modified by the Everett Case—as to

whether or not it was we are not here concerned—so that it would require a conclusion that the instant charges B and C are bad, still this would not justify a reversal of the judgment, for the reason we have indicated, that they were denuded of capacity to harm by the explanatory instructions of the trial court. Thus in the giving of charges A, B, and C no error intervened.

■ The evidence bearing upon the cause and origin of the fire was in hopeless conflict. Plaintiff's testimony was positive to the effect that the fire resulted from sparks or live coals emitted from defendant's engine, igniting dry grass on the right of way, whence it was communicated to plaintiff's property. That for defendant was equally positive to the effect that its engine was so efficiently equipped that the emission of sparks or live coals was impossible, and that the fire was in fact started by a workman in a field adjoining plaintiff's, who lit a cigarette and dropped the match in dry vegetation in the field. The question presented on the evidence was one of weight and credibility, to be solved by the jury. The trial court correctly declined to disturb its finding; the motion for new trial was properly overruled.

Finding no error, the judgment will be here affirmed.

Affirmed.